**John P. LANNAN, as Conservator for the Estate of Ashley JoAnne Brewer, a Minor, Appellant,**

v.

**Thomas M. MAUL, as Personal Representative of the Estate of Thomas Eugene Brewer; Wayne Grachek, as Trustee of the Thomas Eugene Brewer Testamentary Trust, Appellees.**

No. 91–3249.

United States Court of Appeals, Eighth Circuit.

Submitted April 17, 1992.

Decided Nov. 9, 1992.

---

John Kevin Green, Omaha, Neb., argued for appellant.

Clark John Grant, Columbus, Neb., argued for appellees.

Before McMILLIAN and BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.

McMILLIAN, Circuit Judge.

John P. Lannan, as the conservator for the Estate of Ashley JoAnne Brewer, a minor, appeals from a final order entered in the United States District Court for the District of Nebraska dismissing his breach of contract action for lack of jurisdiction. The district court held that it lacked subject matter jurisdiction because the case fell within the "domestic relations exception" to diversity jurisdiction. *Lannan v. Maul,* Civ. No. 8–91–00050, slip op. at 5 (D.Neb. July 1, 1991) (memorandum opinion and order). For reversal, Lannan argues the district court erred in holding (1) the facts and issues presented in the present case clearly evolved out of the divorce proceedings between Kathleen Brewer and the deceased, Thomas Brewer, (2) the issues raised in this action are substantially related to and intertwined with issues presently pending before the state court, and (3) resolution of the issues raised in this court could result in incompatible federal and state court judgments. For the reasons discussed below, we reverse the order of the district court and remand the case to the district court for further proceedings consistent with our opinion.

## BACKGROUND

On August 8, 1986, Thomas Eugene Brewer, now deceased, and his wife Kathleen Brewer were divorced in Platte County, Nebraska. A property settlement agreement executed by the Brewers was incorporated in the divorce decree. The Brewers had one child, Ashley, born November 29, 1983. The divorce decree required Thomas Brewer to pay $500.00 per month in child support. The decree also states that upon failure to pay such support, Thomas Brewer would be required to appear in court and show cause for the failure; noncompliance with the show cause requirement would result in the issuance of a warrant for his arrest.

The property settlement agreement additionally required:

[Thomas Brewer] shall also have a term insurance policy on his life with [Ashley Brewer] as beneficiary to at all times

* The Honorable G. Thomas Eisele, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

equal the amount of child support that would have accrued through the child's 19th birthday, but for [Thomas Brewer's] death at any point in time.

Pursuant to the property settlement agreement, Thomas Brewer made Ashley the beneficiary under a term life insurance policy. A year or so later, however, Thomas Brewer changed the beneficiary of the life insurance policy and executed his will. Thomas Brewer died on September 16, 1990. He had two insurance policies; the beneficiary under each is the Testamentary Trust of Thomas Eugene Brewer (hereinafter the "trust"). Wayne Grachek is the trustee of the trust. The will, executed October 19, 1987, provided that the trustee shall pay to the clerk of the Platte County District Court the child support ordered in the divorce decree until Ashley reaches the age of majority or otherwise becomes emancipated. The will further provided that when Ashley reaches age twenty-one, the trustee shall distribute to her one-half of the total of the trust fund, with the remaining principal and interest to be distributed to her at the age of twenty-five.

Probate proceedings were initiated in the Platte County Probate Court; Thomas Maul was appointed as the personal representative of Thomas Brewer's estate. Kathleen Brewer, on behalf of Ashley, filed a claim in the probate action seeking proceeds from a life insurance policy consistent with the terms of the property settlement agreement. In November 1990, Maul disallowed the claim. Lannan was appointed Ashley Brewer's conservator under a conservatorship established in Maricopa County, Arizona. On January 24, 1991, Lannan brought this diversity action against Maul and Grachek in federal district court seeking $72,500.00 in insurance proceeds, payable immediately rather than in monthly installments, pursuant to the property settlement agreement.[1] Lannan alleged: (1) improper denial of the claim filed by Kathleen Brewer on behalf of Ashley; (2) improper receipt of life insurance proceeds by Grachek and the trust; and, (3)

conversion of funds from the estate to the trust.

At the same time that Lannan brought this action, separate proceedings were underway in the Platte County District Court. Apparently, Maul had reopened the original divorce case to modify the divorce decree in order to obtain a credit for social security benefits paid to Ashley Brewer against child support owed. Kathleen Brewer opposed Maul's motion to modify the decree. Additionally, in a separate action Grachek sought a ruling on the validity of Kathleen Brewer's claim for insurance proceeds, on behalf of Ashley Brewer, in Platte County Probate Court; Kathleen Brewer argued the Platte County District Court lacked jurisdiction to consider the claim for insurance proceeds.

On June 18, 1991, the Platte County District Court ruled that the social security payments made to Ashley Brewer upon Thomas Brewer's death could be credited against child support owed. Because the social security payments exceeded the amount of child support in question ($72,500.00), the Platte County District Court held that the remaining child support payments were extinguished. *Brewer v. Brewer*, No. 15298, slip op. at 2 (Neb.Dist. Ct. Platte County filed June 18, 1991). This ruling was appealed to the Nebraska Supreme Court. The Platte County District Court also ruled that it lacked jurisdiction to consider the validity of the claim for insurance proceeds because it lacked jurisdiction over probate matters. *Id.* at 3. That ruling has not been appealed.

On July 1, 1991, the federal district court determined that: (1) the facts and issues presented in the present case clearly evolved out of the divorce proceedings between Kathleen Brewer and Thomas Brewer; (2) the issues raised in this action are substantially related to and intertwined with issues presently pending before state court; and, (3) resolution of the issues raised in federal court could result in incompatible federal and state court judgments. Slip op. at 5. Thus, the district

---

**1.** Grachek was named a defendant because the insurance proceeds from Thomas Brewer's two policies had by that time been paid over to the trust.

court dismissed the diversity action for lack of subject matter jurisdiction under the domestic relations exception. This appeal followed.

## DISCUSSION

### I.

■ The outcome of this case revolves around two primary issues: (1) Whether the domestic relations exception applies to an alleged third party beneficiary claim based in contract law? (2) If it does not, should the district court abstain from exercising diversity jurisdiction under the abstention principles announced in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

Lannan argues that the district court erred in applying the domestic relations exception, because the provision of the property settlement agreement requiring Thomas Brewer to designate Ashley as the beneficiary of a life insurance policy created a contractual obligation. He argues that this contractual obligation is in no way dependent upon any child support obligation or any other matter over which the Platte County District Court retained jurisdiction by way of any child support obligation of either the father or the mother for the care, custody and control of the minor child. Lannan contends that Ashley obtained a vested equitable right at the time the settlement agreement was executed. Lannan further argues that this is a third party beneficiary claim,[2] arising out of a contract, the property settlement agreement between Thomas and Kathleen Brewer.

Maul and Grachek argue that the district court properly applied the domestic relations exception, because the property settlement agreement merged into the divorce decree when the decree became final. Therefore, they argue the property settlement agreement itself cannot support a legal cause of action. Maul and Grachek argue that this case in essence involves child support, and that the life insurance provision of the property settlement agreement is nothing more than security for continued payment of child support. We disagree.

The domestic relations exception, upon which the district court relied to decline jurisdiction, was recently addressed by the United States Supreme Court in the case of *Ankenbrandt v. Richards,* —— U.S. ——, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (*Ankenbrandt*). We held this appeal in abeyance pending the Supreme Court's decision in *Ankenbrandt.* In *Ankenbrandt,* the Supreme Court determined that it was "unwilling to cast aside an understood rule that has been recognized for nearly a century and a half" and held that it would continue to recognize the domestic relations exception to federal jurisdiction. *Id.* 112 S.Ct. at 2210. However, the Court concluded that a tort action arising out of the domestic relations of the parties did not fall within the domestic relations exception. *Id.* at 2216.

*Ankenbrandt* concerned a diversity suit brought by a mother on behalf of her two daughters against her former husband and his female companion for alleged torts committed against the children after the divorce decree was issued. Relying on *In re Burrus,* 136 U.S. 586, 593–94, 10 S.Ct. 850, 852–53, 34 L.Ed. 500 (1890), in which the Court held that "the whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States," the district court in *Ankenbrandt* determined that the case fell within the domestic relations exception to diversity jurisdiction, hence it lacked jurisdiction over the case. The district court also invoked the principles of abstention announced in *Younger v. Harris,* to dismiss the complaint without prejudice. *Ankenbrandt v. Richards,* No. 89–4244 slip op. at 2, 1990 WL 211545 (ED La. filed Dec. 10, 1990).

In *Ankenbrandt,* the Supreme Court analyzed the legal and historical origins of the domestic relations exception by review-

---

**2.** A third party beneficiary is a person not a party to an insurance contract who has legally enforceable rights thereunder. Black's Law Dictionary 1327 (5th ed.1979).

ing previous cases beginning with *Barber v. Barber,* 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859). The Court concluded that the domestic relations exception which divests the federal courts of power to issue divorce, alimony decrees and child custody orders, exists as a matter of statutory construction rather than constitutional mandate. 112 S.Ct. at 2213–15. Moreover, the Court determined that because of the long passage of time without any expression of congressional dissatisfaction, it had no trouble in reaffirming the validity of the domestic relations exception but only in cases involving the issuance of a divorce, alimony, or child custody decree. *Id.* at 2215. Consequently, the Court held that because the tort action did not require the district court to issue a divorce, alimony, or child custody decree, the district court erred in holding that it lacked jurisdiction based on the domestic relations exception. *Id.* at 2215. Thus, we conclude that the domestic relations exception, as articulated by the Supreme Court in *Ankenbrandt,* is a narrow one. *Id.* at 2215 n. 6 (Noting that better reasoned views among Courts of Appeals have similarly limited the domestic relations exception).

The case at bar is similar to *Ankenbrandt.* The issues presented here do not involve a domestic relations dispute between a feuding couple concerning a divorce, alimony, or child custody decree. Rather, it concerns a third-party beneficiary claim based on contract law. We hold, therefore, that the district court erred in holding that it lacked jurisdiction because the domestic relations exception does not encompass collateral issues, such as the alleged breach of contract presented here.

## II.

■ Although the federal district court did not specifically invoke the abstention doctrine announced in *Younger v. Harris,* as an alternative ground for its holding, the district court concluded that the issues raised were substantially related to and intertwined with issues pending before state courts. See page 630. Lannan argues, however, that the district court erred

in declining jurisdiction because neither he, as conservator, nor Ashley Brewer, is a party to any other state court litigation or was a party to the divorce litigation between her parents. Moreover, Lannan argues this is a breach of contract claim which has no significant relationship to any action pending in state court.

Maul and Grachek argue that the district court was correct in abstaining from the exercise of jurisdiction. They argue that there were and are pending state proceedings involving the same or related matters in this case with important state interests. Notably, Maul and Grachek cite *Overman v. United States,* 563 F.2d 1287 (8th Cir. 1977) (*Overman*), which the district court cited to support its decision. In *Overman,* this court held that:

> There is, and ought to be, continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touched state law and policy in a deep and sensitive manner and "[a]s a matter of policy and comity, these local problems should be decided in state courts."

*Id.* at 1292 (quoting *Buechold v. Ortiz,* 401 F.2d 371, 373 (9th Cir.1968) (citations omitted)).

The contention that states have an important interest and concern in domestic matters that affect their citizens is not questioned; however, that argument here is misplaced. The issues presented here not only fall outside the domestic relations exception, as we held above, but they also have no substantial relationship to any pending state proceeding. Thus, we disagree with the district court's decision to abstain based on the finding that the issues raised in this action are substantially related to and intertwined with issues presently pending before the state court.

The issue remaining in state court of whether social security payments can be credited toward child support obligations is substantially different than the issue presented here. While that issue deals with child support obligations, which is clearly within the domestic relations exception do-

main, the issue presented here concerns a third party beneficiary claim which is rooted in contract law.[3]

While originally the doctrine of abstention applied only to criminal cases, in addressing the principles of abstention in *Ankenbrandt,* the Supreme Court determined that the doctrine had been extended to civil cases. *Id.* 112 S.Ct. at 2216, *citing Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987); *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986); *Middlesex County Ethics Comm. v. Garden State Bar Assn.,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). Furthermore, the Court found that in some circumstances abstention may be invoked in a case involving elements of the domestic relationship even when no divorce, alimony or child custody order is sought by the parties. 112 S.Ct. at 2216. The Court determined that "such might well be the case if a federal suit was filed prior to the effectuation of a divorce, alimony, or child custody decree, and the suit depended on the determination of the status of the parties." *Id.* at 2216. The Court then concluded that where the status of the domestic relationship has been decided as a matter of state law, it had no difficulty in concluding that abstention is inappropriate. *Id.* at 2216.

The Court further held that abstention should rarely be invoked because federal courts have a "virtually unflagging obligation to exercise the jurisdiction given them." *Id.* at 2215, (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976)). Thus, we conclude that the District Court erred in abstaining from exercising diversity jurisdiction.

Accordingly, we reverse the order of the district court and remand the case to the

district court for further proceedings consistent with our opinion.

---

3. The insurance policy, in which Ashley allegedly acquired a third-party beneficiary interest, was discussed and agreed to in the property settlement agreement which was incorporated into the divorce decree. Counsel, in drafting the agreement, were fully aware that this provision dealt with the eventuality that Mr. Brewer would pre-decease the passing of his child support obligation. Nonetheless, according to Lannan, a contractual obligation was created aside and apart from any other benefits that Ashley would derive from her father upon his death.