_____

No. 95-1897
_____

Mary Amerson,                        *
                                     *
        Plaintiff-Appellant,   *
                                     *
Michael H., Plaintiff Mary     *
Amerson's Minor Child,         *
                                     *
        Plaintiff,                   *   Appeal from the United States
                                     *   District Court for the
    v.                               *   Southern District of Iowa.
                                     *
State of Iowa; Polk County,    *
Iowa; City of Des Moines, Iowa; *
City of Windsor Heights, Iowa;  *
Des Moines Independent Community*
School District; Unknown/Unnamed*
Defendants, Sued as "All Other  *
Persons And/Or Personages As May*
be Found to Be Involved, Jointly*
and Individually"; Youth Homes  *
of Mid America; Legal Services  *
Corporation of Iowa; Jean Davis;*
Johnston Schools; Charles R.    *
Wolle; Frank Steinbach, III; M. *
Katherine Miller; Fifth Judicial*
District of Iowa; Broadlawns    *
Medical Center; Kent Kunze;     *
Orchard Place; Nancy Read;      *
Raymond Sullins; Heartland Area *
Education Agency; Child          *
Psychiatry Associates,               *
                                     *
        Defendants-Appellees.    *


_____

Submitted:  April 10, 1996

Filed:  September 4, 1996
_____

Before WOLLMAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.
_____

HANSEN, Circuit Judge.

Mary Amerson brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging a host of constitutional and statutory violations, including complaints of discrimination and violation of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-91o.  The origins of this dispute lie in Amerson's disagreement with the manner in which the Des Moines Independent Community School District responded to alleged misbehavior by her minor son.  A whole series of events followed, including Amerson's jailing for contempt of state juvenile court orders, culminating in state court proceedings that ultimately terminated Amerson's parental rights.  This federal action, a separate federal habeas corpus action, see Amerson v. State of Iowa, Dep't of Human Servs., 59 F.3d 92 (8th Cir. 1995) (affirming the district court's determination that no habeas jurisdiction exists to collaterally attack a state court child custody determination), and several state court actions dealing with Amerson's custody rights were proceeding simultaneously.

The district court[1] granted summary judgment to the State of Iowa, Heartland Area Education Agency, and the Des Moines Independent Community School District on Amerson's IDEA claims; granted judicial immunity to Chief Judge Wolle, Kent Kunze, Nancy Read, Child Psychiatry Associates, and Youth Homes of Mid America; and dismissed the complaint against Orchard Place and attorneys Raymond Sullins and Frank Steinbach, III, for failure to state a claim upon which relief may be granted.  Concluding that Amerson's remaining claims for relief could not be granted without disturbing the state juvenile court decision to terminate her parental rights and considering the simultaneously pending state court appeals of

---

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

the parental rights termination decision,[2] the district court dismissed the remainder of the federal complaint on principles of abstention as enunciated in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1943), and <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). Amerson appeals, challenging only the district court's decision to dismiss the remainder of the case on principles of abstention.

We conclude without extended discussion that the district court's detailed discussion of the abstention principles cited above is correct as applied to Amerson's equitable claims, including those for injunctive relief. The relief Amerson seeks is redress for "alleged tortious interference with her parental rights." (Appellant's Br. at 6.) Because the state courts have terminated her parental rights, redress for this alleged interference cannot be granted without first disturbing the state court adjudication terminating her parental rights, a matter of substantial public concern. <u>See</u> <u>Colorado River</u>, 424 U.S. at 814 (noting federal courts should decline to interfere with state court proceedings where federal review "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern," citing <u>Burford</u> as an example). Contrary to Amerson's assertion, the status of her domestic relationship as determined by the state courts is crucial to her claims for relief in this case. <u>Cf.</u> <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 706 (1992) (holding <u>Burford</u> abstention inappropriate where the status of the domestic relationship has been determined as a matter of state law and has no bearing on the underlying torts alleged). Additionally, several state court proceedings and appeals concerning the same issues asserted here were pending at the time of the district court's decision. <u>See</u> <u>Younger</u>, 401 U.S.

---

[2]The juvenile court's parental rights termination decision was affirmed by the Court of Appeals of Iowa. <u>See</u> <u>In the Interest of M.H.</u>, No. 6-045/95-340 (Iowa Ct. App. Apr. 23, 1996).

at 43-54 (holding that, with a few exceptions, federal courts cannot interfere with pending state court criminal proceedings). See also Ankenbrandt, 504 U.S. at 705 (noting that Younger abstention has been extended to the civil context). Thus, the district court did not err in applying these principles of abstention to Amerson's equitable claims.

Amerson's complaint, however, also includes a prayer for "unspecified damages" (though it appears to be beyond dispute that most all of her claims for relief are equitable in nature). Recently, the Supreme Court decided that "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." Quackenbush v. Allstate Ins. Co., 116 S. Ct. 1712, 1728 (1996).[3] The Court noted that "certain classes of declaratory judgments" are within the discretionary category that is subject to dismissal on abstention principles, but in actions at law, the Court explained, abstention principles permit federal courts only to enter an order that stays the adjudication, not one that dismisses the federal action altogether. Id. at 1722. Nevertheless, we have determined that our conclusion that the district court properly dismissed this case is not contrary to the Court's decision in Quackenbush.

Although the holding of Quackenbush precludes the dismissal on abstention principles of "a damages action," id. at 1728, we believe that a close reading of the case indicates that a plaintiff's incidental insertion of a general claim for damages will not suffice to prevent the dismissal of a § 1983 case where the damages sought cannot be awarded without first declaring

---

[3]Citing Quackenbush, the Supreme Court recently vacated and remanded our opinion in Warmus v. Mehlan, 62 F.3d 252 (8th Cir. 1995), where we applied Younger abstention principles in a § 1983 case seeking only damages. Warmus v. Mehlan, 116 S. Ct. 2493 (1996).

4

unconstitutional a state court judgment on a matter firmly committed to the states. See id. at 1722. In Quackenbush, the Court preserved and distinguished the very limited holding of Fair Assessment in Real Estate, Ass'n Inc. v. McNary, 454 U.S. 100, 115 (1981), where the Court dismissed a § 1983 damages case. 116 S. Ct. 1722 (noting that Fair Assessment was about the scope of the § 1983 cause of action, not abstention principles, but discussing the case "to the extent [it] does apply abstention principles"). The plaintiff in Fair Assessment sought damages from the allegedly unconstitutional application of a state tax scheme, but the Court dismissed the case, holding that the claim was akin to an action for declaratory relief because the damages sought could not be awarded without first, in effect, declaring that the state tax scheme was unconstitutional. 454 U.S. at 115. Such a declaration "`would operate to suspend collection of the state taxes,' a form of federal court interference previously rejected by the Court on principles of federalism." Id. (internal citation omitted). In Quackenbush, the Court distinguished but did not overrule this holding of Fair Assessment.

While we recognize that the abstention holding of Fair Assessment is very limited, we also believe that it is very analogous to the case at hand. Amerson's claims in effect require a preliminary declaration that the state court judgment terminating her parental rights is invalid. As in the state tax law context of Fair Assessment, federal court interference in a domestic relations context where the state courts have entered judgment is also inappropriate, as explained below.

The Supreme Court has long rejected federal court interference in state domestic relations policy. See Ankenbrandt, 504 U.S. at 701-02 (noting that claims seeking to restore a child to the custody of a parent are within the subject of domestic relations, which belongs to the states); Lannan v. Maul, 979 F.2d 627, 630-31 (8th Cir. 1992) (discussing Ankenbrandt and noting that the

5

domestic relations exception is narrow and "divests federal courts of power to issue divorce, alimony decrees and child custody orders").  Furthermore, it would be inappropriate for a federal district court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n.16 (holding, in the context of a strong state interest in regulating state bar admission, a federal district court has no authority to review a state court final judgment or claims that are so inextricably intertwined with the state court determination as to necessitate review of that decision).

In its abstention decision, the district court characterized the remaining issue in this case as follows:

> I conclude that the predominant issue in the case is no longer the IDEA issue which was appropriately the province of the federal courts, but rather has become the custody of Michael, which is a matter for the state courts.  As the case has progressed in both federal and state courts, the issues primarily of federal concern have become inseparably interwoven with the issues primarily given to the law of the states.

(Appellant's Addend. at 3.)  Thus, under Feldman, the district court lacked authority to review the state court termination of Amerson's parental rights (which the court would necessarily be required to do in order to redress Amerson's claims of tortious interference with her parental rights), and the dismissal was proper.  Even assuming the district court had the authority to preliminarily declare invalid the state court termination of Amerson's parental rights on which her claim for damages is dependent, that preliminary declaration is itself akin to a declaratory judgment, which is discretionary in nature within the meaning of Quackenbush and Fair Assessment and therefore subject to dismissal. Quackenbush, 116 S. Ct. at 1722.

6

Accordingly, we affirm the judgment of the district court dismissing Amerson's remaining claims.


A true copy.

     Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.