**Valerie K. SAWDON; Yvonne Kirby, Appellants,**

v.

**UNIROYAL GOODRICH TIRE COMPANY, Appellee.**

No. 96–1639.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1996.

Decided Nov. 13, 1996.

---

See also 47 F.3d 277.

David T. Greis, Kansas City, MO (William H. Pickett, on the brief), for appellants.

Michael W. Rhodes, Kansas City, MO (Peter F. Daniel, Alok Ahuja, on the brief), for appellee.

Before WOLLMAN, ROSS and HANSEN, Circuit Judges.

WOLLMAN, Circuit Judge.

On August 15, 1989, Valerie Sawdon and her minor son, Jesse Durmon, were passengers in a car driven by Sawdon's mother, Yvonne Kirby, when a Uniroyal tire blew out. The car left the road and overturned, with Jesse dying as a result of the accident. Sawdon brought a wrongful death action against the Uniroyal Goodrich Tire Company (Uniroyal), alleging strict liability. The jury returned a verdict in Uniroyal's favor, determining that the tire was not defective at the time of manufacture. *See Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277 (8th Cir.) (*Sawdon I*), cert. denied, —— U.S. ——, 116 S.Ct. 84, 133 L.Ed.2d 42 (1995).

Sawdon and Kirby filed a motion to amend their complaint in *Sawdon I* to allege claims for their personal injuries resulting from the accident, which the district court[1] denied. As a result, Sawdon and Kirby filed the present suit (*Sawdon II*) in Missouri state court, which Uniroyal removed to the district court.

The plaintiffs' complaint contained six counts. Sawdon's claims were in counts one, two, and five. Count one alleged that Sawdon sustained personal injuries as a result of Uniroyal's negligence in designing and manufacturing the tire; count two alleged that Uniroyal was strictly liable for the tire's failure. Count five claimed negligent infliction of emotional distress, alleging that as a result of Uniroyal's negligence Sawdon suffered severe emotional distress from her awareness of Jesse's terror during the accident and from his resulting death. Counts three and four contained Kirby's negligence and strict liability claims that corresponded with Sawdon's claims, and count six contained Kirby's negligent infliction of emotional distress claim.

The district court dismissed counts five and six, concluding that those counts failed to state a claim because Missouri's wrongful death statute does not allow recovery of damages for grief and bereavement. *See* Mo. Rev.Stat. § 537.090. The court granted Uniroyal summary judgment on counts one and two, concluding that the jury in *Sawdon I* determined that the tire was not defective and that issue preclusion prevented Sawdon from relitigating the defectiveness of the tire.

---

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

Kirby voluntarily dismissed counts three and four with prejudice and does not appeal any issues related to those counts.

■ Sawdon and Kirby first argue that the district court's dismissal of counts five and six was incorrect because their claims for the negligent infliction of emotional distress were personal injuries separate from any wrongful death claim. Rather than discuss an issue of Missouri law that the Missouri courts have not addressed,[2] we dispose of Sawdon's and Kirby's claims on a simpler ground. *See Dicken v. Ashcroft,* 972 F.2d 231, 233 (8th Cir.1992) (court of appeals may affirm district court on any basis supported by the record). In filings with the district court and at oral argument before this court, plaintiffs conceded that they had no evidence that Uniroyal was negligent and that they were proceeding only on a strict liability theory. Consequently, plaintiffs have abandoned all negligence-based counts—counts one, five, and six.

■ Sawdon argues that the district court erroneously concluded that issue preclusion supported the grant of summary judgment on count two. The only element of issue preclusion seriously contested by the parties is whether Sawdon was a party to *Sawdon I.* *See Oates v. Safeco Ins. Co.,* 583 S.W.2d 713, 719 (Mo.1979) (en banc) (discussing four elements of collateral estoppel). Sawdon argues that in *Sawdon I* she sued in the capacity of personal representative of Jesse's estate or as a representative of the class of beneficiaries under the wrongful death statute, both of which she claims are different legal identities from her individual capacity in this suit.

This argument is without merit for several reasons. First, the Missouri Supreme Court has clearly stated that a wrongful death claim does not belong to the deceased and does not vest in the estate's personal representative, but rather is a right of action that vests in the survivors at the moment of death. *See Sullivan v. Carlisle,* 851 S.W.2d 510, 515 (Mo.1993) (en banc). Second, Sawdon did not represent any class in *Sawdon I,* but rather sued as the only person autho-

rized by the Missouri wrongful death statute to be a plaintiff in the wrongful death action. *See* Mo.Rev.Stat. § 537.080.1(1). Furthermore, Sawdon has cited us to no authority stating that her status as a plaintiff in *Sawdon I* gave her a legal identity distinct from her identity in *Sawdon II.* Assuming, *arguendo,* that Sawdon's identities differed, Sawdon is in privity with herself because recovery in both suits depended upon her ability to prove that Uniroyal's tire was defective. *See, e.g., Moore v. Swayne–Hunter Farms, Inc.,* 841 S.W.2d 308, 315 (Mo.Ct. App.1992) (definition of privity); *cf. Johnston v. Allis–Chalmers Corp.,* 736 S.W.2d 544, 549 (Mo.Ct.App.1987) (where jury decided that product was not defective as to husband's injury claim and wife's consortium claim, wife shared common interest in outcome of suit and could not relitigate defectiveness for personal injury claim); *Chamberlain v. Mo.-Ark. Coach Lines, Inc.,* 354 Mo. 461, 189 S.W.2d 538, 540 (1945) (fact issues litigated in action for wife's wrongful death could not be relitigated in husband's personal injury action).

We conclude that Sawdon's constitutional arguments are without merit.

The judgment is affirmed.

---

**2.** Regarding the interplay between the wrongful death statute, Mo.Rev.Stat. § 537.080, and *Asaro v. Cardinal Glennon Memorial Hosp.,* 799 S.W.2d

595, 599–600 (Mo.1990) (en banc) (recognizing cause of action for negligent infliction of emotional distress upon injury to third person).