———————————

No. 93-4083

———————————

Thomas A. Warmus,                    *
                                     *
          Appellant,                 *
                                     *
     v.                              *  Appeal from the United States
                                     *  District Court for the
Lewis Melahn; James Oetting;         *  Western District of Missouri.
William Hobbs,                       *
                                     *
          Appellees.                 *


———————————

                Submitted:  January 16, 1997

                   Filed:  April 4, 1997
———————————

Before HANSEN, Circuit Judge, FLOYD R. GIBSON and HENLEY, Senior Circuit
     Judges.

———————————

HENLEY, Senior Circuit Judge.

     This case is on remand from the Supreme Court.  In Warmus v. Melahn,
62 F.3d 252 (8th Cir. 1995), vacated and remanded, 116 S. Ct. 2493 (1996),
we upheld the district court's dismissal of Warmus's 42 U.S.C. § 1983
damages action on the basis of Younger abstention, which is premised on the
"longstanding public policy against federal court interference with state
court proceedings."  Younger v. Harris, 401 U.S. 37, 43 (1971).  Warmus is
the owner of American Financial Security Life Insurance Company (AFSLIC),
a Missouri-based insurance company.  The Missouri Department of Insurance
(MDI) found that as of September 30, 1992, AFSLIC was operating in a
hazardous condition, and after a period of administrative supervision
petitioned a state court for an order of

rehabilitation, Mo. Rev. Stat. § 375.1165(1), which was granted. See Angoff v. AFSLIC, 869 S.W.2d 90 (Mo. Ct. App. 1993) (Angoff I) (upholding rehabilitation order); see also Angoff v. AFSLIC, 891 S.W.2d 833 (Mo. Ct. App. 1994) (Angoff II) (upholding denial of motion to terminate rehabilitation).

Warmus filed the instant suit against Melahn, the former director of the MDI, and two of his subordinates (collectively referred to as "the officials"), alleging that they conspired to force AFSLIC into rehabilitation and drive Warmus out of the insurance business. We held that abstention was proper because the action "might well have the practical effect of undermining the validity and integrity of the state-court rehabilitation proceedings." 62 F.3d at 256.

The Supreme Court, 116 S. Ct. at 2493, granted certiorari, vacated our judgment, and remanded for reconsideration in light of Quackenbush v. Allstate Ins. Co., 116 S. Ct. 1712 (1996). In Quackenbush, the Court "decided that 'federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary.'" Amerson v. Iowa, 94 F.3d 510, 512 (8th Cir. 1996) (quoting Quackenbush, 116 S. Ct. at 1728), cert. denied, 117 S. Ct. 696 (1997). In contrast, "in actions at law, the Court explained, abstention principles permit federal courts only to enter an order that stays the adjudication" pending completion of state proceedings, "not one that dismisses the federal action altogether." Id. However, "[i]n Quackenbush, the Court preserved and distinguished the very limited holding of Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 115 (1981), where the Court dismissed a § 1983 damages case" in which "[t]he plaintiff . . . sought damages from the allegedly unconstitutional application of a state tax scheme." Amerson, 94 F.3d at 513. The

Supreme Court "dismissed the case, holding that the claim was akin to an action for declaratory relief because the damages sought could not be awarded without first, in effect, declaring that the state tax scheme was unconstitutional." Id.

In this case, in light of the Supreme Court's remand order, we ordered supplemental briefing and heard oral argument on the effect of Quackenbush on Warmus's section 1983 damages action. Relying on Amerson and Fair Assessment, the officials argue that Quackenbush does not preclude the dismissal of Warmus's action. In Amerson, this court affirmed the district court's dismissal on abstention principles of a plaintiff's claims for equitable and monetary relief in a section 1983 action arising from termination of her parental rights. We explained:

> Although the holding of Quackenbush precludes the dismissal on abstention principles of a damages action, . . . a close reading of the case indicates that a plaintiff's incidental insertion of a general claim for damages will not suffice to prevent the dismissal of a § 1983 case where the damages sought cannot be awarded without first declaring unconstitutional a state court judgment on a matter committed to the states.

Id. at 513 (internal quotation omitted). In Amerson, "we recognize[d] that the abstention holding of Fair Assessment is very limited." Id. However, we believed that the case was "very analogous to the case at hand[,]" because plaintiff's "claims in effect require[d] a preliminary declaration that the state court judgment terminating her parental rights [wa]s invalid." Id.

The officials assert that Amerson is applicable here because resolution of Warmus's damages claims would require a declaration that the state court rehabilitation order was invalid. Warmus responds that Amerson is distinguishable. He first notes that

-3-

unlike Amerson, his damages claims are not incidental to equitable claims, but are his only claims. He points out that in Amerson this court observed "that it appear[ed] beyond dispute that most all of [plaintiff's] claims for relief [were] equitable in nature." Id. at 512. Moreover, Warmus argues that resolution of his damages claims will not invalidate the order of rehabilitation. Warmus asserts that he is not attacking the rehabilitation order, conceding that as of September 30, 1992 AFSLIC was operating in a hazardous condition. Rather, Warmus asserts that his federal action challenges the actions of the officials preceding the rehabilitation order. He acknowledges that he challenged the conduct of MDI officials during the state court rehabilitation proceedings. However, Warmus argues that the conduct was not "so inextricably intertwined with the state court determination [as to rehabilitation] as to necessitate review of that decision." Id. at 513 (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 & n.16 (1983)). Warmus notes that a special master agreed with him that because of certain conduct, the MDI was estopped from disapproving an accounting methodology and that the master's factual findings were not reviewed because the state trial and appellate courts found them irrelevant as a matter of law. See Angoff II, 891 S.W.2d at 836 ("[r]egardless of this Special Master's finding," AFSLIC still operating in a hazardous condition); Angoff I, 869 S.W.2d at 92 (estoppel could not be "asserted for the creation of a right") (internal quotation omitted).

We agree with Warmus that his case does not fall within the "very limited" Amerson/Fair Assessment exception to Quackenbush, Amerson, 94 F.3d at 513, and thus dismissal of his action is not permitted. Warmus asserts that a stay is unnecessary because resolution of his claims would not interfere with the ongoing rehabilitation proceedings. However, he admits that there is no

record evidence in support of his assertion and recognizes that a remand to the district court for consideration of the question whether an abstention-based stay is warranted may be appropriate.

The officials assert that a remand would be unnecessary if this court were to hold that the officials are entitled to qualified or absolute immunity.  The officials note that they raised the immunity defenses in the district court, but that the court did not address them, and that this court may affirm on any basis appearing in the record.  See Sawdon v. Uniroyal Goodrich Tire Co., 100 F.3d 91, 93 (8th Cir. 1996).  The officials claim that by placing AFSLIC into rehabilitation, they were performing discretionary functions in good faith and thus are immune.  Warmus responds that he is not challenging the officials' decision to place the company into rehabilitation, but their alleged bad faith actions which caused AFSLIC to become insolvent.

We recently noted that "whether an officer is entitled to qualified immunity [often] requires a 'fact-intensive' inquiry." Prosser v. Ross, 70 F.3d 1005, 1006 (8th Cir. 1995) (quoting Reece v. Groose, 60 F.3d 487, 490 (8th Cir. 1995)).  In addition, the Supreme Court has made clear "that a defendant, entitled to invoke a qualified-immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." Johnson v. Jones, 115 S. Ct. 2151, 2159 (1995).  The Court noted that "the existence, or non-existence of a triable issue of fact--is the kind of issue that trial judges, not appellate judges, confront almost daily[,]" id. at 2157, and concluded that "wise use of appellate resources[] argue in favor of limiting interlocutory appeals of 'qualified immunity' matters to cases presenting more abstract issues of law." Id. at 2158.  Thus, we decline to "consider the qualified immunity defense in the first instance,

particularly as genuine disputes of material fact may exist with respect to it." Nelson v. Jashurek, 1997 WL 118452, at *5 (3d Cir. Mar. 18, 1997).

Accordingly, we remand this matter to the district court for further proceedings.[1]

A true copy.


Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]At oral argument, counsel advised the court that Warmus is in bankruptcy. On remand, in addition to considering immunity and abstention issues, the district court may wish to explore the effect, if any, Warmus's bankruptcy has on this proceeding.