# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1767
_____

JaQuan Bradford

*Plaintiff - Appellant*

v.

Christopher Palmer; Richard Shults

*Defendant*s

Ilona Avery; Joan Gerbo

*Defendants - Appellees*

Revae Gabriel; Deb Wilkins

*Defendant*s

Robert Hendricks; Deborah Hanus

*Defendants - Appellees*

Charles Krogmeier; Sally Titus; Jeanne Nesbit

*Defendant*s

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: January 11, 2017
Filed: May 1, 2017
_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.
_____

MURPHY, Circuit Judge.

Plaintiff JaQuan Bradford was civilly committed to the Iowa Juvenile Home for over two years as a child in need of assistance. He later brought this action against employees of the home for allegedly violating his constitutional rights. The district court granted summary judgment to defendants based on qualified immunity. Bradford appeals, and we reverse and remand.

I.

JaQuan Bradford was civilly confined at the Iowa Juvenile Home between the ages of 12 and 14. He had a history of severe behavioral problems, including assaulting others, and these problems continued while he was at the home. A juvenile court supervised his stay and received regular reports on it. Bradford alleges that he was kept in seclusion for significant periods of time while he was at the home.

After reaching the age of majority, Bradford brought this action against employees of the home for allegedly violating his constitutional rights by housing him in prolonged solitary confinement, failing to educate him, and allowing him to be sexually abused. Defendants moved for summary judgment. The district court decided that defendants were entitled to qualified immunity because Bradford could "not prove and has not produced any evidence that defendants should have been aware of a breach of a clearly established law regarding [his] stay at [the home] while at the same time the juvenile court, sitting in regular review proceedings, was finding

nothing wrong regarding [his] stay" at the home. Summary judgment was granted to defendants, and Bradford appeals.

## II.

We review the "grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party and making every reasonable inference in his favor." McPherson v. O'Reilly Auto., Inc., 491 F.3d 726, 730 (8th Cir. 2007). Summary judgment is warranted "if the record shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id.

A government official is entitled to qualified immunity from personal liability unless "the facts shown by the plaintiff make out a violation of a constitutional or statutory right" and "that right was clearly established at the time of the defendant's alleged misconduct." Winslow v. Smith, 696 F.3d 716, 730–31 (8th Cir. 2012) (quoting Brown v. City of Golden Valley, 574 F.3d 491, 496 (8th Cir. 2009)). A court may take up these questions in either order. Id. at 731. Qualified immunity thus "protects 'all but the plainly incompetent or those who knowingly violate the law.'" Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curiam) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

The district court held as a matter of law that defendants were entitled to qualified immunity because "the juvenile court, sitting in regular review proceedings, was finding nothing wrong" with Bradford's confinement at the home. The juvenile court, however, could only have approved the conditions of his confinement if it had been informed about them. The parties agree that the juvenile court supervised Bradford's confinement under Iowa Code § 232.95. That provision only requires the juvenile court to review the duration of a child's commitment. It does not establish that the juvenile court knew the conditions in which Bradford was being held.

The reports submitted to the juvenile court also do not show that it was actually made aware of the conditions of Bradford's confinement. The strongest indication that Bradford was being held in prolonged seclusion was a report that stated he was "back to living full-time in the Support Unit." Another report stated that he had lived in the support unit for "the past couple months." Because these reports did not describe the conditions Bradford encountered while in the support unit, they do not show that the juvenile court had been informed that he was being held in seclusion. On this record, the juvenile court's supervision of Bradford's commitment does not establish that defendants are entitled to qualified immunity.

The district court addressed only the fact of juvenile court supervision in determining that defendants were entitled to qualified immunity, and its opinion does not contain sufficient detail to allow us to review whether defendants are entitled to qualified immunity. See O'Neil v. City of Iowa City, 496 F.3d 915, 918 (8th Cir. 2007). Although defendants claim that summary judgment is appropriate for other reasons, we remand for the district court to address these issues in the first instance. See Loftness Specialized Farm Equip., Inc. v. Twiestmeyer, 742 F.3d 845, 851 (8th Cir. 2014); Warmus v. Melahn, 110 F.3d 566, 569 (8th Cir. 1997).

## III.

For these reasons we reverse and remand for more thorough review of defendants' motion for summary judgment.

_____