# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2773
_____

Derrick Jerome Bates

*Plaintiff - Appellant*

v.

Tyler Richardson, in his individual and official capacities

*Defendant - Appellee*

Heidi Northland, in her individual and official capacities

*Defendant*

Wayne Jerman, in his individual and official capacities; City of Cedar Rapids

*Defendants - Appellees*

Jane Does, 1-3, in their individual and official capacities; John Does, 1-3, in their individual and official capacities; Jared Jupin; Michael Kern

*Defendant*s

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 26, 2023
Filed: April 2, 2024

_____

Before LOKEN, MELLOY, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

In Irvin v. Richardson, 20 F.4th 1199 (8th Cir. 2021), we decided a consolidated appeal of separate cases brought by Derrick Jerome Bates and Larenzo Irvin under 42 U.S.C. § 1983, alleging that Cedar Rapids, Iowa Police Department (CRPD) officers conducted an unlawful investigative stop of Bates and Irvin, and that officers falsely arrested Bates for interference with official acts. We affirmed the district court's grant of summary judgment in favor of Defendants as to Bates and Irvin's claims regarding the investigative stop, see id. at 1206, but remanded Bates's false-arrest claims to the district court for trial, see id. at 1208. On remand, the district court granted the Defendants' second motion for summary judgment on Bates's remaining claims. Bates appeals. Having jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

I.

The facts of this case are detailed in our prior opinion in Irvin, 20 F.4th 1202–03, but we provide a brief summary here. CRPD Officers Tyler Richardson and Jared Jupin were responding to a 911 call involving "a disturbance with a weapon" when they stopped Bates and Irvin. Id. As relevant to this appeal, Richardson yelled at Bates and Irvin to stop walking, drew his gun, and ordered them to the ground, where they were handcuffed. Id. at 1203. After a witness told the officers that neither Bates nor Irvin was involved in the disturbance that had triggered the 911 call, both were uncuffed and told they were free to go. Id. Richardson arrested Bates fifteen minutes later for interference with official acts, in violation of Iowa Code § 719.1(1). Id.

Bates[1] filed suit against Defendants Richardson, CRPD Chief Wayne Jerman and the City of Cedar Rapids, alleging Richardson unlawfully stopped him without

[1]Because Irvin's case has been resolved, we address only Bates's claims in the remainder of our opinion.

reasonable suspicion and subsequently arrested him without probable cause. Defendants moved for summary judgment, arguing that Richardson had, at minimum, arguable reasonable suspicion to conduct the initial investigative stop, and that there was probable cause to arrest Bates for continuing to take steps after Richardson commanded him to stop walking. Defendants argued they had qualified immunity from suit, and that the City and Chief Jerman could not be held liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). The district court granted Defendants' first motion for summary judgment and dismissed all claims.

On appeal, we affirmed in part, but reversed the grant of summary judgment dismissing Bates's federal and state false-arrest claims. Irvin, 20 F.4th at 1202. As a result of the partial reversal, the district court's rationale for dismissing Bates's claim under Monell no longer applied, and we "decline[d] to resolve the[] Monell issues as a matter of law on this summary judgment record." Id. at 1209. We left open the issue of state statutory immunity for the district court to take up on remand, "[i]f properly preserved." Id. at 1208.

Shortly after remand, Defendants were granted leave to file a second motion for summary judgment. In their motion, Defendants claimed they had state statutory immunity and federal qualified immunity and argued that a recently decided case—State v. Wilson, 968 N.W.2d 903 (Iowa 2022)—clarified what constitutes probable cause for interference with official acts under Iowa law. In Defendants' view, Wilson "provides guidance which was not [previously] available to either this District Court . . . or the Eighth Circuit," such that Richardson had probable cause, or at minimum arguable probable cause, to arrest Bates. They expressly stated, however, that the facts in the record had not changed, and that Wilson did not "change the law as it stood when Bates was arrested."

The district court granted the motion. It agreed with Defendants that "Wilson allows for a clearer assessment of Iowa Code Section 719.1 than was available to either this Court or the Eighth Circuit Court of Appeals in their

respective prior opinions;" determined that Richardson had probable cause to arrest Bates; and dismissed the federal and state law claims that had survived the first appeal. It also dismissed the Monell claim. On appeal, Bates argues that the district court erred when it granted Defendants' second motion for summary judgment.[2]

## II.

"We review the 'grant of summary judgment de novo, viewing the facts in the light most favorable to the nonmoving party and making every reasonable inference in [their] favor.'" Bradford v. Palmer, 855 F.3d 890, 892 (8th Cir. 2017) (citation omitted). However, because this appeal "follows a previous decision of another panel concerning whether [the defendants were] entitled to summary judgment," as a threshold issue, we must first decide whether the law-of-the-case doctrine applies. See Maxfield v. Cintas Corp., No. 2, 487 F.3d 1132, 1134–35 (8th Cir. 2007). Under that doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" Id. (quoting Little Earth of United Tribes, Inc. v. U.S. Dep't of Hous. & Urb. Dev., 807 F.2d 1433, 1440–41 (8th Cir. 1986)).

In Irvin, we held that the material facts were too genuinely disputed to conclude as a matter of law that Richardson had probable cause, or arguable probable cause, to arrest Bates for knowingly resisting or obstructing Richardson in the performance of his official duties. 20 F.4th at 1208 (describing the facts as "too uncertain and contested," and "too confused" to grant summary judgment). As a result, summary judgment was precluded on Bates's federal and state law false-arrest claims. See id. On remand, the parties agreed the record remained the same.

---

[2]Bates also argues that the district court abused its discretion in granting Defendants leave to file a successive dispositive motion on remand after the scheduling order deadline. Because we decide this appeal on other grounds, we assume without deciding that the court properly exercised its discretion when it determined that Defendants had "good cause" under Rule 16(b) to file a second summary judgment motion.

Defendants also concede that <u>Wilson</u> did not change Iowa law on interference with official acts. Instead, they disagree with how we applied state and federal law in <u>Irvin</u>. But a party cannot "simply repackage[] [arguments] that were presented unsuccessfully . . . during the first appeal." <u>Maxfield</u>, 487 F.3d at 1137. In this second appeal, Defendants simply add <u>Wilson</u> to the same arguments they made in <u>Irvin</u>. That is not enough "to justify permitting [them] to relitigate issues previously decided against [them]." <u>Id.</u>

The law-of-the-case doctrine controls here because Defendants' "second motion for summary judgment presented the same legal issue that we resolved in our first decision on an evidentiary record that is not . . . different from the record that we considered originally." <u>See</u> <u>Maxfield</u>, 487 F.3d at 1133. The legal issue in <u>Maxfield</u> dealt with federal law. But the same reasoning applies here, where the parties agree that the Iowa law we applied in <u>Irvin</u>, on the same record, has not changed. Defendants disagree with the analysis and outcome in <u>Irvin</u>, but their disagreement is insufficient grounds for revisiting our prior panel's decision. <u>See</u> <u>id.</u> at 1135. And "one panel of this court has no authority to overrule an earlier decision of another panel." <u>Id.</u> Our prior decision, therefore, continues to govern the legal issues presented in this appeal. <u>See</u> <u>id.</u> at 1134–35.

III.

We reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion. We leave open for consideration on remand—as we did in <u>Irvin</u>—whether statutory immunity applies to Bates's state law claims. <u>See</u> 20 F.4th at 1208.

_____