**FRANKLIN COMMONS EAST PARTNERSHIP, Plaintiff,**

v.

**ABEX CORPORATION, a Delaware Corporation Defendant,**

and

**PNEUMO ABEX CORPORATION, a Delaware Corporation, Third Party Plaintiff,**

v.

**ARGONAUT INSURANCE COMPANY, A California Corporation, Liberty Mutual Insurance Company, a Massachusetts Corporation, Maryland Casualty Company, a Maryland Corporation, Third–Party Defendants**

No. CIV. A. 95–6148.

United States District Court, D. New Jersey.

Feb. 10, 1998.

John J. Scagnelli, Michael J. Caffrey, Whitman Breed Abbott & Morgan, Newark, NJ, for Franklin Commons East Partnership.

Charles J. Stoia, Robert J. Brennan, Porzio, Bromberg & Neuman, P.C., Morristown, NJ, Steven H. Doto, Zevnik, Horton, Gurbord & McGovern, Washington, DC, for Pneumo Abex Corp.

William P. Krauss, Wilson, Elser, Moskowitz, Edelman & Dicker, Newark, NJ, Paul Wools, Knapp, Peterson & Clarke, Glendale, CA, for Argonuat Ins. Co.

Stanley P. Stahl, John C. Sullivan, Post & Schell, P.C., Philadelphia, PA, for Liberty Mut. Ins. Co.

Margaret F. Catalano, Kathleen M. Quinn, McElroy, Deutsch & Mulvaney, Morristown, NJ, Marilyn E. Kerst, Wiley, Rein & Fielding, Washington, DC, for Maryland Cas. Co.

## OPINION

WALLS, District Judge.

This matter comes before the Court upon motions by third-party defendants Maryland Casualty Company ("Maryland Casualty"), Liberty Mutual Company ("Liberty Mutual"), and Argonuat Insurance Company ("Argonuat") to dismiss or, in the alternative, to stay the third-party claims of third-party plaintiff Pneumo Abex Corporation ("Abex") in deference to a lawsuit previously filed in California state court.[1] Maryland Casualty and Abex have also moved for Rule 11 sanctions against each other.

Pursuant to Rule 78 of the FRCP, the Court decides this motion without oral argument. For the reasons that follow, this action is stayed pending the resolution of the California action and all motions for sanctions are denied.

### *Background*

*A. New Jersey Action*

In December 1995, plaintiff Franklin Commons East Partnership ("FCEP") filed suit

---

1. Third-party defendant Travelers Indemnity Company originally joined in Maryland Casualty's motion, but has, during the pendency of this matter, settled with Abex.

against defendant Abex Corporation[2] asserting claims under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601 *et seq.* ("CERCLA"), the New Jersey Spill Compensation and Control Act ("Spill Act") and the common law. FCEP claims that Abex is responsible for the environmental contamination of a property owned and used by FCEP in Mahwah, New Jersey (the "FCEP site"). Abex has a program of comprehensive general liability insurance that allegedly provides protection from such lawsuits. Among its insurers are third-party defendants Maryland Casualty, Liberty Mutual, and Argonaut. According to Abex, it notified these insurers of the FCEP litigation at the time it answered the complaint, and demanded that they defend and indemnify Abex in the lawsuit. The insurers denied Abex's claims.

On June 11, 1996, Abex filed a third-party complaint against these insurers seeking a declaratory judgment that they were obligated to defend and indemnify it. The complaint further charges that by refusing to defend and indemnify Abex, the insurers breached their contractual obligations and did so knowingly and in bad faith. In response, third party defendants Maryland Casualty, Liberty Mutual, and Argonuat now move to dismiss the complaint or, alternatively, to stay this action in favor of a lawsuit previously commenced by Abex in California state court.

## B. The California Action

The California lawsuit is a comprehensive action brought by Abex as one of a number of allegedly interrelated corporate entities against approximately fifty primary and excess insurers in Los Angeles Superior Court on November 20, 1992. That action seeks a declaration of the plaintiffs' rights under a number of insurance contracts with a number of insurers, including the insurers and policies involved in the federal case. The California lawsuit encompasses more than fifty environmental hazardous waste sites in twenty states, including the FCEP site and the Abex location that is the alleged origin of the contamination.

## C. The Parties' Contentions

Maryland Casualty argues that the third-party complaint should be dismissed or stayed in deference to the California litigation because: (1) Abex should be judicially estopped from bringing this third-party complaint based on its representations to the California Court that California is the only proper forum for resolution of its claims regarding the FCEP and other hazardous waste sites; (2) the doctrine of *forum non conveniens* mandates dismissal; (3) Pneumo Abex has failed to join necessary and indispensable parties as defined by Rule 19 of the FRCP; and (4) this Court should abstain from hearing this matter under the *Colorado River* doctrine. Maryland Casualty has also moved for Rule 11 sanctions against Pneumo Abex because it claims that the third party-complaint is frivolous and was filed in bad faith.

Defendant Liberty Mutual joins with Maryland Casualty, and argues in addition that the third-party complaint should be dismissed or stayed under the Declaratory Judgment Act, 28 U.S.C. § 2201. The company contends that the Act permits a federal district court to decline to hear suits for declaratory judgments in favor of pending state actions, and argues that for reasons of judicial economy, such a course of action is appropriate here.

In response, Abex claims that the federal action involves claims separate and distinct from those in state court. Abex points out that the FCEP CERCLA suit is not part of the state court action, and the California lawsuit does not contain the bad faith claim. With specific reference to the claim of bad faith, Abex contends that while "ideally, [it] would have responded to this wrongful denial of its contractual rights by adding new allegations and claims to the California coverage action[,] such a course was not available .... because in the California action 'substantive

---

**2.** In the underlying federal action, defendant is named as "Abex," but now responds as "Pneumo Abex." For the purposes of simplicity and consistency, this opinion shall refer to the company as "Abex."

amendments had been forbidden ....'" Abex Br. at 2 (quoting Transcript of Proceedings, September 19, 1995, p. 39, 1. 25—40, 1.1). Abex therefore complains that the third-party defendants are engaged in a scheme to deny it its day in court on those issues. Abex has also cross-moved for sanctions against Maryland Casualty on the ground that Maryland Casualty's Rule 11 motion is frivolous.

Defendants argue that Abex's contentions merely obscure the relevant issues. They point out that the instant case involves the same parties, insurance policies and properties as the action in California state court. They maintain that it is of no moment that the FCEP federal claim could not be brought in state court because both actions involve the same contractual obligations regardless of any specific triggering event. Defendants contend that "[a] straightforward comparison of the New Jersey third party complaint and the California Fourth Amended Complaint reveals that the FCEP breach of contract, duty to defend and duty to indemnify claims are the same." Maryland Cas. Repl. Br. at 3.

The insurers do admit that Abex's bad faith claim is unique to the federal action, but point out that, contrary to Abex's assertion, the California court did not *absolutely* preclude further amendment of the state complaint; it simply required plaintiffs to seek leave of court before any further amendment. *See* California Case Management Order # 2. Defendants contend that Abex had all of the information necessary to bring its bad faith claim in California and its failure to have done so in a timely fashion constitutes waiver. They therefore argue that through this action, Abex is simply attempting an end-run around the California court to avoid having to argue the issue of its alleged waiver there.

### Standard of Review

Because the parties ask the Court to consider documents outside of the pleadings, the Court converts these motions to dismiss to motions for summary judgment pursuant to Rule 12(b) of the FRCP.

Summary judgment is appropriate where the moving party establishes "that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant must show that if the evidence submitted were reduced to evidence admissible in court, it would be insufficient to permit the non-moving party to carry its burden of proof. *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The opposing party must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Sound Ship Building Corp. v. Bethlehem Steel Co.,* 533 F.2d 96, 99 (3d Cir.), *cert. denied,* 429 U.S. 860, 97 S.Ct. 161, 50 L.Ed.2d 137 (1976).

At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth of the matter, but rather it is to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In making this determination, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Id.*

### Analysis

Because of the "virtually unflagging obligation" of the federal courts to exercise the jurisdiction given them, as a general rule, it is appropriate for a district court to refuse to exercise jurisdiction in favor of a parallel state court action only under exceptional circumstances. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817–18, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (establishing abstention analysis); *Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.,* 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (referring to *Colorado River* "exceptional circumstances" test). It is, however, well settled that a district court's discretion to defer to a state court is signifi-

cantly broader when the federal action is one for declaratory judgment. *See e.g., Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). ("Distinct features of the Declaratory Judgment Act, we believe, justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the "exceptional circumstances" test of *Colorado River* and *Moses H. Cone.*") And the Third Circuit has held that "a dismissal appropriate under the broader standard of the Declaratory Judgment Act should be effected without resort to the more limited doctrine of abstention." *United States v. Commonwealth of Penn., Dept. of Envtl. Resources,* 923 F.2d 1071, 1074 (3d Cir.1991).

Here the third-party complaint asserts four separate causes of action: two seek a declaration that the insurers are obligated to defend and indemnify Abex, and two seek damages for the insurers' refusal to do so. Because the California action deals squarely with at least three of these issues and is significantly more advanced in its litigation status than the action at bar, the Court finds that a stay is appropriate under both the *Colorado River* and *Brillhart* analyses.

## A. Colorado River Analysis

As a general rule, "the pendency of a case in state court will not bar federal litigation... concerning the same issues if the federal court has jurisdiction." *Trent v. Dial Med. of Florida, Inc.,* 33 F.3d 217, 223 (3d Cir.1994). However, in "exceptional circumstances," *Colorado River* allows a district court, under "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," 424 U.S. at 817, to abstain in favor of a pending state court action.

■ The "exceptional circumstances" required by *Colorado River* allow abstention only when the federal and state court actions are "parallel." "Generally, cases are parallel so as to justify abstention... when they involve the same parties and claims." *Trent,* 33 F.3d at 223. The Third Circuit has ad-

monished that "[i]t is important... that only *truly* duplicative proceedings be avoided. When the claims, parties, or requested relief differ, deference may not be appropriate." *Complaint of Bankers Trust Co. v. Chatterjee,* 636 F.2d 37, 40 (3d Cir.1980) (emphasis added).

■ The third-party action before the Court is clearly parallel to the California lawsuit. The fourth amended complaint in the California action reads:

Plaintiffs seek a declaratory judgment... that the defendants are obligated to pay the costs and expenses, including but not limited to the costs of investigation and defense, associated and connected with claims, suits and other proceedings, brought against plaintiffs seeking damages because of property damage and personal injury and bodily injury (including without limitation claims of personal injury and bodily injury alleging causes of action *such as, but not limited to,* negligence, nuisance, trespass, wrongful eviction, interference with use and enjoyment of property and strict liability....) which allegedly arose from plaintiffs' business ownership and operations.

\* \* \* \* \* \*

Plaintiffs also seek damages for breach of contract against those defendants that have... failed or refused to accept, acknowledge or undertake their insuring obligations to pay plaintiffs' costs and expenses of investigation and defense and to pay for legal liabilities that have been, and *may in the future* be, imposed by law upon plaintiffs.

(emphasis added).

Abex is a plaintiff in the California lawsuit, and each of the third-party defendants in the federal action here is also present in the state court action there. *See* Fourth Amended Compl. at ¶¶ 26, 31, 63. Every policy at issue in the third-party complaint is also included in the state court litigation, *compare* Fourth Amended Compl. at ¶¶ 103, 135, 137 *with* Third–Party Compl. at ¶¶ 7–9, and the suit in state court explicitly involves environmental claims arising from the Abex proper-

ty referenced in the FCEP action.[3] *Compare* Fourth Amended Compl. at ¶ 93 *with* Third–Party Compl. at ¶ 1. Clearly then, this is a case in which abstention may be appropriate. *See e.g., Trent,* 33 F.3d at 224, (Court notes that "[t]he two cases do in fact raise nearly identical allegations and issues, and the defendants in each are essentially identical.").[4]

Presented with an action that is truly parallel to a pending state court suit, the district court's *Colorado River* analysis is guided by six factors. They are:

(1) Which court first assumed jurisdiction over the property involved, if any;

(2) Whether the federal forum is inconvenient.

(3) The desirability of avoiding piecemeal litigation;

(4) The order in which the respective courts obtained jurisdiction;

(5) Whether federal or state law applies; and

(6) Whether the state court proceeding would adequately protect the federal plaintiff's rights.

*Trent,* 33 F.3d at 225 (citing *Moses H. Cone* and *Colorado River*). "No one factor is necessarily determinative," *Colorado River,* 424 U.S. at 818–19, and "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses H. Cone,* 460 U.S. at 16. Here, all but one of the applicable factors clearly favor abstention.[5]

■ The desirability of avoiding piecemeal litigation has been recognized as "[b]y far the most important factor in our decision to approve the dismissal [in *Colorado River* ]." *Moses H. Cone,* 460 U.S. at 16. Of particular relevance to the case at bar, courts have sought to avoid the possibility of conflicting

interpretations of the same insurance policy, *see, e.g., Lumbermens Mut. Casualty Co. v. Connecticut Bank & Trust Co.,* 806 F.2d 411, 414 (2d Cir.1986) (critical factor in favor of stay was the need to avoid differing interpretations of the same policy language), especially when the federal action involved only some of the policies implicated in the broader state proceedings. *Travelers Indem. Co. v. Crown Cork & Seal Co.,* 865 F.Supp. 1083, 1090 (S.D.N.Y.1994) (discussing the "substantial risk that the interpretation of these few policies to the exclusion of the others would lead to inconsistent disposition of similar claims and issues"). The Supreme Court has also admonished district courts to be mindful of "the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first." *Arizona v. San Carlos Apache Tribe,* 463 U.S. 545, 570, 103 S.Ct. 3201, 77 L.Ed.2d 837 (1983).

Each of these risks is clearly present here. As the Court noted in *Lumbermens,* "[i]n an insurance coverage dispute such as is here involved, the interest of an insured in binding as many of its insurers as possible to a single adjudication is a factor strongly weighing in favor of maintenance of an inclusive action" 806 F.2d at 415. Here, a declaration in the third-party action will necessarily impact the more expansive California litigation. This would be inappropriate for all of the reasons discussed above, particularly in light of the fact that Abex first sought relief in California. Under these circumstances, piecemeal litigation should, if possible, be avoided.

As to the convenience of the parties, defendants argue persuasively that to require the insurers "simultaneously to litigate the same claims on two different coasts is clearly an inconvenience and a waste of resources. Moreover, duplicative litigation would re-

---

**3.** The comments of the California Court further illustrate this point:

THE COURT: The only thing different about [the FCEP action], as I understand it, is there's *not* [a] CERCLA *claim, same facts, different legal theory;*

\* \* \* \* \* \*

THE COURT: Seems to me we are talking about the same underlying lead in the ground or whatever this is. . . .

*See* August 30, 1996 Transcript of Proceedings (in the California action).

**4.** The Court is not unmindful that the third-party complaint contains an action for bad faith which is not found in the California lawsuit. This concern will be addressed *infra.*

**5.** Because the third-party complaint does not involve property, the first factor is not relevant.

quire witnesses to travel back and forth between New Jersey and California to offer precisely the same testimony." . Maryland Cas. Br. at 31. In addition, Abex has apparently represented to the California Court that:

♦ The California lawsuit "provides the only vehicle for adjudicating this dispute in an efficient and orderly manner, thereby preserving both the resources of the litigants and the judicial system." Abex Br. in Opp. to Michigan Mutual Ins. Co.'s Motion to Dismiss Non–California Claims.

♦ "All of the *forum non conveniens* factors support plaintiffs' choice of California as the proper and most convenient forum in which to litigate this case in its entirety."

♦ "Carving this case up based on the geographical location of the claims makes no sense at all." *Id.;* and that

♦ [The insurer's] motion, if granted, would result in (i) multiple litigations, (ii) proceeding concurrently in geographically diverse jurisdictions, (iii) all construing the same insurance contracts. (iv) based on the same witnesses and evidence, (v) with the likelihood of inconsistent decisions. There is no reason to subject all interested parties—plaintiffs, defendants, witnesses, and courts—to this litigation holocaust simply to construe standard-form insurance policies. *Id.*

*Id.* The Court agrees.

Finally, with regard to the remaining considerations, it is clear that the California action was commenced several years before the third-party complaint. It is also relevant that that lawsuit is substantially more evolved than this one.[6] *See Trent,* 33 F.3d at 225 (Court notes that substantially more time had been invested in the state court action.) Moreover, contrary to Abex's implication, the case at bar involves the construction of contracts under state law, not matters of federal law. Thus, the only factor that does not

decisively weigh in favor of abstention relates to the adequacy of the state court action to completely protect Abex's rights.

As noted, the bad faith claim in the third-party complaint has not been raised in the California action. It is not necessary to delve into why this is so because the Court finds that this inconsistency is not sufficient grounds to preclude abstention. First, Abex's rights under the policies at issue must necessarily be determined in advance of any adjudication of the insurers' alleged bad faith. To allow the presence of a subordinate claim to preclude abstention when it is otherwise so clearly warranted would undermine the principles of *Colorado River.* Abstention is permitted under limited circumstances to advance considered policy concerns. A federal court should not exercise jurisdiction over parallel litigation simply because the federal action includes a dependent claim whose disposition is contingent on the duplicative claims. Moreover, as a practical matter, the Court's decision merely effects a stay of the proceedings at bar. Consequently, if the third-party defendants are held liable in the California action and Abex is not given the opportunity to pursue its claims of bad faith there, it shall be free to revisit the issue here.

For the foregoing reasons, the Court abstains from adjudicating this matter and stays the third-party complaint pending resolution of the California action.

*B. Declaratory Judgment Act Analysis*

 Although a dismissal under the Declaratory Judgment Act need not meet the more exacting *Colorado River* standard, district courts, for obvious reasons, "consider similar factors whether they speak in terms of abstention or the discretion the act affords them." *Terra Nova Insurance Co. v. 900 Bar, Inc.,* 887 F.2d 1213, 1223 (3d Cir.1989). Thus, the considerations discussed above also justify a stay under the discretion afforded by the Declaratory Judgment Act. *See e.g.,*

6. Indeed, in California, discovery has already been taken by both sides to this action, *see e.g.,* Plaintiffs' Status Conference Report (7/3/96) (in the California action); Defendants' Status Conference Report (7/3/96) (in the California action),

and the state court has made substantive rulings with regard to the parties' claims. *See e.g.,* April 10, 1996 Minute Order (of the California court); July 26, 1996 Minute Order (of the California court).

*Commonwealth of Penn.*, 923 F.2d at 1073–74 (noting that *Colorado River* establishes a significantly more exacting standard than that mandated by the Declaratory Judgment Act).

In *Brillhart*, the Supreme Court made clear that the existence of a related state court claim is not, without more, sufficient justification for a district court to dismiss claims for declaratory judgment. Rather, it is the adequacy of the state court proceeding that is determinative. 316 U.S. at 495. Consequently, the Supreme Court has held that "where another suit involving the same parties and presenting the same opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*). To avoid such interference—particularly in light of judicial economy concerns [7]—"the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* 515 U.S. at 288.

Here, all such considerations weigh against an exercise of jurisdiction. First, the Court notes that as with a *Colorado River* analysis, an exercise of discretion under the Declaratory Judgment Act must be informed by the general policies of "restraint when the same issues are pending in a state court," and the "avoidance of duplicative litigation." *See e.g., Commonwealth of Penn.*, 923 F.2d at 1075–76. The Court has already found that the state court action is parallel to the federal third-party action and will adequately resolve the obligations of these third-party defendants to this third-party plaintiff on the insurance policies in question as they pertain to Abex's liability for contamination of the FCEP site. Thus, as with the decision to abstain, the Court's only real concern involves the propriety of including Abex's claims for damages in the analysis that governs the claims for declaratory relief. Under

the circumstances, it is proper to fold these claims into the *Brillhart* analysis.

As noted, Abex's claims for damages in the federal action are clearly dependent on the declaratory relief it seeks. Given the Court's determination that the parties' contractual rights and obligations are better resolved by the California state court, it is not possible to evaluate the merits of the bad faith claim until that court makes its decision. As with the abstention analysis, it would be the tail wagging the dog if the presence of a subordinate claim were sufficient to require a federal court to hear primary claims that it has determined are better resolved elsewhere. This holding is consistent with the resolution of a related issue in *United States Fidelity & Guaranty Co. v. Algernon–Blair, Inc.*, 705 F.Supp. 1507 (M.D.Ala.1988). In that case, USF & G, the plaintiff in the federal action, was not a party to the state court litigation. The court nevertheless found that "USF & G's liability under the bonds at issue here is largely contingent on, and subordinate to, resolution of the primary issues of breach and fraud contested by Algernon–Blair.... These are the same issues raised in the state court proceeding, and resolution of the issues there would settle much of the question of USF & G's current rights and obligations with respect to the other parties." *Id.* at 1515, 1516. The same holds true here.

Finally, the Court notes that to conclude this issue any other way would undermine the public interest in "prevent[ing] the use of the declaratory action as a method of procedural fencing, or as a means to provide another forum in a race for res judicata." *Terra Nova*, 887 F.2d at 1225 (quoting 6A J. Moore, J. Lucas & G. Girtheer, Jr., Moore's Federal Practice ¶ 57.08[5], at 57–50 (2d ed.1987)). The discretion of the district courts should not be constrained by the procedural maneuvers of litigants.

For the foregoing reasons, the Court determines that under the discretion afforded by the Declaratory Judgment Act, a stay of

---

**7.** "Exercise of federal jurisdiction in such a situation risks unnecessary commitment of scarce judicial resources, multiplicative expenditures on legal services, inconsistent rulings at numerous litigation junctures, and the appearance of disregard for the state trial court's authority and expertise in violation of basic norms of federal and state comity." *United States Fidelity & Guaranty Co. v. Algernon–Blair, Inc.*, 705 F.Supp. 1507, 1514 (M.D.Ala.1988).

this action is appropriate pending the resolution of the California litigation.

### C. Motions for Sanctions

 Finally, the Court denies all motions for sanctions. Maryland Casualty asserts that Abex should be sanctioned for its pursuit of this action when duplicative claims have been pending in California. The Court disagrees for the simple reason that Abex did not initially invoke this forum—it was brought here as a defendant. Despite the Court's decision that these issues be resolved elsewhere, the Court nevertheless respects Abex's right to seek to invoke any and all defenses available to it in federal court. It follows then that absent evidence that Abex colluded with plaintiff FCEP to commence this action here, sanctions are not appropriate.

The Court's opinion with its determinations refute the thrust of Abex's cross-motion against Maryland Casualty for sanctions because of alleged frivolousness. The cross-motion is dismissed.

### Conclusion

For the foregoing reasons, the Court *grants* defendants' *motions to stay the third-party complaint* pending resolution of the California lawsuit. The Court *denies* Maryland Casualty's *motion for sanctions* as well as Abex's *cross-motion for sanctions.*

### ORDER

This matter comes before the Court upon motions by third-party defendants Maryland Casualty Company ("Maryland Casualty"), Liberty Mutual Company, and Argonuat Insurance Company to dismiss or, in the alternative, to stay the third-party claims of third-party plaintiff Pneumo Abex Corporation in deference to a lawsuit previously filed in California state court. The parties have also moved for sanctions against each other.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides this motion without oral argument. Upon consideration of the submissions of the parties and for the reasons stated in the accompanying opinion, it is hereby **ORDERED:**

That this action is *stayed* pending the resolution of the case styled *Jensen–Kelly, et al. v. Allianz Insurance Co., et al.,* Case No. BC069018, in Superior Court of the State of California for the County of Los Angeles.

It is **FURTHER ORDERED:**

That all motions for sanctions are *denied.*