BFI Waste Systems v. Travelers Cas.   C-94-507-JD   10/06/99

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

BFI Waste Systems
of North America, Inc.

    v.                                  Civil No. 94-507-JD

Travelers Casualty
and Surety Co., et al.


O R D E R


The plaintiff, BFI Waste Systems of North America, Inc. brought this action seeking insurance coverage under liability and excess insurance policies and damages for the costs of past and future litigation defense and clean-up costs associated with three municipal landfills.  The defendants are insurance companies that issued policies to BFI's predecessor, Great Bay Disposal, Inc., before the companies were merged in 1983.  The defendants move to dismiss or in the alternative to stay the action in favor of a pending Texas state law suit.  The plaintiff objects.


## Background

Before Great Bay Disposal Inc. was purchased by the plaintiff in 1983, it collected commercial and residential solid waste at various sites including municipal landfills in Dover and Somersworth, and the Coakley Municipal Landfill in North Hampton

and Greenland, New Hampshire. During its operations, Great Bay carried comprehensive liability and excess insurance policies through various insurance companies including Casualty and Surety Company which was then Aetna Casualty and Surety Company.

During the 1980's, each of the three municipal landfills was placed on the National Priorities List by the Environmental Protection Agency, and the plaintiff was notified that it was a Potentially Responsible Party. In 1992, the state and the EPA filed complaints against the plaintiff, seeking reimbursement for the costs of clean-up at the sites and participation in future remediation of contamination at the sites. The plaintiff notified Travelers of the claims being made, but Travelers has not participated in the plaintiff's defense and has refused to reimburse the plaintiff for the costs and expenses associated with the claims and remediation efforts.

The plaintiff filed this suit on October 5, 1994, seeking a declaratory judgment under 28 U.S.C.A. § 2201 as to the rights and duties of the plaintiff and Travelers with respect to their disputes as to the coverage of particular insurance policies. The plaintiff also brought claims for breach of contract, breach of the covenant of good faith and fair dealing, and unfair trade practices under state law. The plaintiff alleged that Travelers had refused to participate in the defense of claims pertaining to

2

the landfill sites, and sought indemnification for all defense costs and the expenses associated with evaluating and cleaning up contamination at three waste disposal sites. The proceedings in the case were stayed in December of 1995 for a period of eight months while the parties explored settlement. After the parties moved for an extension of the stay, the case was administratively closed, or stayed, in September of 1996, with a continued requirement that the defendant Travelers file periodic progress reports. In February of 1999 the case was administratively closed without a requirement of further reports.

In April of 1999, Travelers and several other insurance companies brought a declaratory judgment action in Texas state court against BFI, along with named affiliates and subsidiaries, and other liability insurers. The suit asked for a determination of the parties' rights and obligations as to liability arising from environmental pollution at 404 sites around the country. The original petition for declaratory judgment described the pending action in this district and listed the Dover and Somersworth landfills as BFI sites, but not the Coakley Landfill. The original petition did not include claims based on the New Hampshire sites, however, but said, "In the event a settlement of the claims raised in the New Hampshire Action cannot be reached, Travelers intends to add these claims to the present action."

3

Petition at ¶ 27.  In June of 1999, BFI moved to reactivate the suit in this court and moved to amend its complaint to add five additional insurance companies alleged to have issued liability and excess insurance policies to Great Bay during the relevant period.  The motion was granted, and the amended complaint was filed.

## Discussion

The defendants move to dismiss, or in the alternative to stay, the action in this court because of the declaratory judgment action pending in Texas state court.[1]  Characterizing the plaintiff's suit here as a declaratory judgment action, the defendants contend that the insurance coverage issues in this case should be resolved in the context of the "global" declaratory judgment action in Texas.  The plaintiff objects, noting the long history of this case and arguing that the action here should not be dismissed or stayed in favor of the Texas action.

Under the Declaratory Judgment Act, a federal court has "broad discretion to decline to enter a declaratory judgment." DeNovellis v. Shalala, 124 F.3d 298, 313 (1st Cir. 1997)

---

[1]The motion to dismiss or in the alternative to stay the action was filed by Travelers, and the other defendant insurance companies, except Sentry Insurance, joined in Travelers's motion.

(following <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 287 (1995)). As a result, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." <u>Wilton</u>, 515 U.S. at 288. Therefore, a federal court may decline to exercise its otherwise valid jurisdiction to determine issues by declaratory judgment when the same issues are pending in a parallel state court action. <u>See</u> <u>DeNovellis</u>, 124 F.3d at 313.

In other cases, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 716 (1996). For that reason, abstention is a narrow exception to the general rule and is warranted only in "exceptional circumstances." <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 813 (1975). In addition, while a federal court abstaining from discretionary or equitable claims may stay or dismiss the suit, claims for damages may only be stayed, not dismissed. <u>See</u> <u>Quackenbush</u>, 517 U.S. at 730-31; <u>accord</u> <u>DeMauro v. DeMauro</u>, 115 F.3d 94, 98 (1st Cir. 1998).

The defendants urge the court to dismiss or stay the plaintiff's suit as a declaratory judgment action under the

5

Wilton standard. The plaintiff argues that its suit is primarily an action to recover on its state law claims and contends that exceptional circumstances under the Colorado River standard do not exist to support abstention. Since the case includes both declaratory and state law damages claims, it is necessary to decide which standard to apply in a mixed claims case.

Some claims may be treated as requests for declaratory relief although they are pled differently. The plaintiff's state law claims, however, do not fall within the narrow exception permitting abstention and dismissal of damages claims that are premised on seeking a declaration of the unconstitutionality of state law. See Quackenbush, 517 U.S. at 719; see also Warmus v. Melahn, 110 F.3d 566, 567-68 (8th Cir. 1997). Nor are the state law claims merely declaratory judgment claims brought in a different procedural guise. Cf., e.g., National Union Fire Ins. Co. v. Karp, 108 F.3d 17, 20-21 (2d Cir. 1997) (applying declaratory judgment standard to insurance interpleader claim). Therefore, this case cannot be easily classified as a declaratory judgment action subject to analysis under the Wilton standard.

Courts that have considered cases with mixed claims have used different means to determine the appropriate standard.[2] The

---

[2]Interestingly, the Quackenbush case included both damages and declaratory judgment claims. See Quackenbush, 517 U.S. at 709. The Supreme Court mentioned the Wilton standard applicable to declaratory judgment actions only in passing, and instead

6

Second and Fifth Circuits apply the <u>Colorado River</u> standard to decide abstention in cases with mixed claims. <u>See</u> <u>Village of Westfield v. Welch's</u>, 170 F.3d 116, 124-25 n.5 (2d Cir. 1999); <u>Southwind Aviation, Inc. v. Bergen Aviation, Inc.</u>, 23 F.3d 948, 951 (5th Cir. 1994); <u>see also</u> <u>ESI, Inc. v. Coastal Corp.</u>, 1999 WL 688132 at *41 n.88 (S.D.N.Y. Aug. 31, 1999). The Ninth Circuit endeavors to determine whether the claims are primarily declaratory in nature or whether the damages claims are independent of the request for declaration. <u>See</u> <u>Snodgrass v. Provident Life and Accident Ins. Co.</u>, 147 F.3d 1163, 1167-68 (9th Cir. 1998); <u>see also</u> <u>Zivitz v. Greenberg</u>, No. 98C5350, 1999 WL 262123 (N.D. Ill. Apr. 9, 1999) (applying <u>Snodgrass</u>); <u>Canal Ins. Co. v. Morgan</u>, 961 F. Supp. 145, 148-49 (S.D. Miss. 1996) (finding additional claim "no different from a request for a declaratory adjudication" and not a "coercive claim" governed by <u>Colorado River</u> under <u>Southwind Aviation, Inc.</u>, 23 F.3d at 951). Instead, as one court decided, when faced with a "novel question, prudence dictates that the issue be addressed under both tests." <u>Safety Nat. Cas. Corp. v. Bristol-Myers Squibb Co.</u>, 43 F. Supp. 2d 713, 718 (E.D. Texas 1999); <u>see also</u> <u>Franklin Commons East</u>

focused on the <u>Burford</u> abstention doctrine raised in that case. <u>See</u> <u>id.</u> at 718-19 and 728-31.

7

<u>Partnership v. Abex Corp.</u>, 997 F. Supp. 585, 588-93 (D.N.J. 1998) (using both standards in a mixed claims case).

A.  <u>Wilton Analysis</u>

Following the prudent course, the defendants' motion to dismiss or stay the action in this court is first considered under the less-stringent <u>Wilton</u> standard.  The Supreme Court has provided several non-exclusive factors to apply in deciding whether "considerations of practicality and wise judicial administration" favor declining relief for declaratory judgment claims.  <u>Wilton</u>, 515 U.S. at 288.  In that regard, "a district court should examine 'the scope of the pending state court proceeding and the nature of defenses open there[,]' . . . [and] 'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'" <u>Id.</u> at 283 (quoting <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 495 (1942)).  If the court determines that the state proceeding involves the same parties and presents opportunity to litigate the same state law issues, the "court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." <u>Id.</u>

It would have been helpful to have a copy of the current

8

complaint in the Texas action in order to examine the scope of that proceeding. Although both sides refer to the complaint in the Texas action, neither has submitted a copy of the current complaint with their pending filings.[3] Apparently, based on the parties' arguments and the original complaint, Travelers asks the Texas court, pursuant to the Texas declaratory judgment statute, to declare that Travelers has no obligation to defend or indemnify BFI or its named subsidiaries and affiliates in connection with claims arising from contamination and environmental pollution at more than four hundred sites.

The parties seem to agree that the Texas action does not currently include all of the issues or claims raised by BFI in the action in this court, or all of the defendant insurance companies named here. Travelers represents that the Texas action nevertheless requires the court to interpret the same policy language that is at issue in this suit. Travelers also represents that it will amend the complaint to add the defendant

---

[3]Travelers submitted a copy of "Plaintiffs' Original Petition for Declaratory Judgment" in the Texas action appended to its response to BFI's motion to reopen litigation here. BFI refers to and cites the "First Amended Complaint" but did not submit a copy with its objection. Since the parties have failed to submit a copy of the most recent complaint in the Texas action, no definitive comparison may be made between this action and the Texas action for purposes of evaluating the similarity of the parties and issues in each case.

9

insurance companies and additional issues concerning the landfills and policies at issue in this case, but apparently has not done so in its first amended complaint.[4]  Even based on the parties' descriptions of the Texas action, however, it is far from clear that it now involves or will involve the same parties and issues as the action in this court.  See, e.g., National Union Fire Ins. Co., 108 F.3d at 22 (discussing elements of parallel proceedings).

If the court were to decline declaratory relief in favor of the Texas action, the state law damages claims could be stayed, but would not be dismissed.  See DeMauro, 115 F.3d at 98.  BFI might voluntarily dismiss the damages claims here and file them as counterclaims in the Texas action to avoid the delay of returning to finish the litigation in this court.  The parties, however, have not specifically addressed the availability of relief on the state claims in the Texas action.[5]  If the

---

[4]BFI argues that personal jurisdiction may not exist in Texas as to the other insurer defendants in this case.

[5]Travelers says that the choice of law issue has not been resolved, but it assumes, for purposes of the motion, that New Hampshire law would apply.  The plaintiff contends the Texas case is too large and complex to provide an adequate forum for its New Hampshire damages claims while the defendants claim broadly, "Any other claims or parties could be added with ease."  Reply Mem. at 10.  While it is certainly possible for the Texas court to apply New Hampshire law, that is not as strong a factor in favor of the state court action as it might be if a New Hampshire state court were involved.

10

declaratory judgment issues pertaining to the rights and obligations of the parties under the policies applicable to the three landfills at issue in this suit were resolved in BFI's favor in the Texas action, BFI might well have to return to this court to litigate its damages claims.  For similar reasons, the Ninth Circuit held that "when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief."  GEICO v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998).

The defendants contend that abstention is appropriate in this case for the same reasons the court abstained in Franklin Commons East Partnership, 997 F. Supp. at 591-92.  The cases, however, are significantly different.  In Franklin Commons, Abex Corporation, with related entities, brought an action in California state court seeking a declaration of its rights under a number of insurance policies as to claims from more than fifty hazardous waste sites.  Three years later, Franklin Commons East Partnership ("FCEP") filed an action against Abex in federal

11

court, claiming Abex was responsible for contamination of FCEP's property and asserting CERCLA and common law claims.  Id. at 587. Abex then filed a third-party complaint against its insurers seeking a declaration of coverage and alleging breach of contract and bad faith.  Id.  The third-party defendant insurers moved to dismiss or stay the federal court action in favor of the California state court action.  Id.

The court first analyzed its abstention options under the Colorado River standard and then considered the Wilton factors as to the court's discretion to deny declaratory relief.  Id. at 589-92.  With respect to the damages claims, the court decided it was appropriate to include them in its declaratory judgment analysis because they were "clearly dependent" on the requested declaratory relief.  Id. at 592.  Without discussing the effect of Quackenbush, the court decided to stay the federal action pending resolution of the California action.

In its analysis, the court noted that the federal and California actions were parallel because Abex's complaint in the California action included a request for a declaratory judgment as to the insurers' obligations to pay the costs of claims litigation and also sought damages for breach of contract.  Id. at 589.  Citing the complaint in the California suit, the court found that Abex was a plaintiff and each of the defendant

12

insurers was a defendant in the California lawsuit; every policy at issue in the federal suit was also a part of the California suit; and the same Abex property was at issue in both suits. Id. at 589-90. As discussed above, the defendants here have not convincingly demonstrated that this suit and the Texas action are clearly parallel proceedings.

With respect to the important consideration of piecemeal litigation, the court found that the more comprehensive California action was the appropriate forum to resolve the common issues "particularly in light of the fact that Abex first sought relief in California." Id. at 590. In this case, BFI first sought relief in this court long before Travelers brought its action in Texas, and it is not clear that the Texas suit has progressed any further than this one.

The Franklin Commons court noted that Abex's bad faith claim had not been raised in the California case. Id. at 591. The court nevertheless determined that abstention was appropriate because abstention was otherwise "clearly warranted" and because the bad faith claim was dependent on the other claims raised in the California action. Id. It is noteworthy, as the plaintiff argues here, that Abex was the plaintiff in the California action, which might have offered more opportunity to include the bad faith claim in that action. Here, BFI is a defendant in

13

Travelers's Texas action.

Therefore, based on the record presented by Travelers in favor of its motion, the pending Texas action does not now appear to include all of the parties and issues that are in this suit. In addition, it is not established that BFI would be able to adjudicate its damages claims in the Texas action. The court also notes that BFI filed suit in this court years before Travelers filed suit in Texas.[6] The claims in this suit address events that occurred and policies that issued before 1983. Further delay might well hinder a fair adjudication of the claims. Under these circumstances, "considerations of practicality and wise judicial administration" do not counsel in favor of declining declaratory relief. Wilton, 515 U.S. at 288.

B. Colorado River Analysis

The defendants' motion would fare no better under the more stringent Colorado River standard:

---

[6]In this regard, the suit in this court does not present the usual declaratory judgment action that is brought by an insurance company to resolve its rights and obligations under its policy after the insured has filed an action in state court to recover under the policy. Instead, here the insured sought both a declaration of rights and obligations under applicable policies and damages in state law claims. Four years later Travelers brought its declaratory judgment action in Texas state court.

14

> Abstention from the exercise of federal jurisdiction is the exception, not the rule. The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest. It was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it.

Colorado River, 424 U.S. at 813-14. The six factors usually considered to determine exceptional circumstances under the Colorado River standard do not suggest that abstention would be appropriate in this case. See Elmendorf Grafica, Inc. v. D.S. America (East) Inc., 48 F.3d 46, 50 (1st Cir. 1995). The defendants emphasize the importance of the Texas action to avoid piecemeal litigation of claims against them, but they fail to adequately address the question of whether BFI would be able to adjudicate its state law claims there to avoid further litigation in this court. The remaining factors, with the exception of one, are either neutral or weigh against abstention. While state rather than federal law controls the issues in this case, that factor alone does not sway the balance in favor of abstention.

Based on a review of the Texas action and the suit in this court, to the extent permitted by the record, under both the

15

<u>Wilton</u> and <u>Colorado River</u> standards, the court concludes that it is not appropriate to decline declaratory relief or to abstain in this case.

<u>Conclusion</u>

For the foregoing reasons, the defendants' motion to dismiss or stay the action (document no. 56) is denied. The defendants' motion to file a reply (document no. 63) is granted; the reply was considered in the course of deciding the defendants' motion.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

October 6, 1999

cc:  William F. Ford, Esquire
     David P. Slawsky, Esquire
     Stephen H. Roberts, Esquire
     Joseph M. McLaughlin, Esquire
     Mark L. Mallory, Esquire
     William M. Cohn, Esquire
     Robert J. Gallo, Esquire
     Michael F. Aylward, Esquire
     Gregory A. Holmes, Esquire