**Ulla C. SLAGENWEIT, Appellant,**

v.

**Steven P. SLAGENWEIT, Appellee.**

**No. 94–3988.**

United States Court of Appeals, Eighth Circuit.

Submitted June 30, 1995.

Decided Aug. 18, 1995.

Robert M. Jilek and Webb L. Wassmer, Cedar Rapids, IA, for appellant.

Stephen B. Jackson, Cedar Rapids, IA, for appellee.

Before LOKEN, HANSEN, and MURPHY, Circuit Judges.

PER CURIAM.

Ulla C. Slagenweit sued Steven P. Slagenweit under the International Child Abduction Remedies Act of April 29, 1988, 42 U.S.C. §§ 11601–11610, seeking the return of their minor child to Ulla's custody in Germany. The district court[1] denied her petition, and Ulla appealed. While the appeal was pending, the district court awarded Steven costs in the amount of $1,496.56 for Ulla's deposition, a copy of Steven's deposition, and the translation of documents. *See* Fed.R.Civ.P. 54(d)(1). The minor child unexpectedly died several days later, and Ulla filed a motion for review of the taxation of costs.

In light of the child's death, we dismissed the appeal as moot, vacated the district court's order, and remanded with instructions to dismiss the case as moot. The district court did so but concluded, over Ulla's objection, that Steven was still the prevailing party for the purpose of awarding costs. Ulla now appeals the taxation of costs, arguing that Steven was not the prevailing party and that the district court failed to follow our mandate on remand. We affirm.

█ The district court properly concluded that it need not vacate its prior award of costs to Steven. Even though the underlying judgment had been vacated, it was within the court's discretion to consider an award of costs because Steven was the prevailing party between the time the district court dismissed Ulla's petition and the time we vacated the judgment as moot. *See Bishop v. Committee on Professional Ethics and Conduct of the Iowa State Bar Ass'n,* 686 F.2d 1278, 1290 (8th Cir.1982). Although the Su-

---

1. The HONORABLE MICHAEL J. MELLOY, Chief Judge, United States District Court for the Northern District of Iowa.

preme Court's recent decision in *U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, — U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994), might lead us to a different result on the facts in *Bishop* because the prevailing party in that case caused mootness, here Steven was haled into court and forced to defend by Ulla, won in the district court, and then saw the case mooted by a tragic happenstance. The district court did not abuse its discretion in concluding that Steven was entitled to his costs.

■ Ulla also argues the district court abused its discretion in the specific costs that it awarded. Upon review of the limited record before us, we cannot say that the district court abused its discretion. *See* 28 U.S.C. § 1920 (specifying taxable costs); *Richmond v. Southwire Co.*, 980 F.2d 518, 520–21 (8th Cir.1992) (standard of review). Ulla argues that the cost of her deposition was improperly taxed because it was not introduced at trial. This argument fails, because she has not shown that the deposition was purely investigative. *See* 28 U.S.C. § 1920(2) (allowing as cost court-reporter fees for all or any part of stenographic transcript necessarily obtained for use in case); *Koppinger v. Cullen–Schiltz and Assocs.*, 513 F.2d 901, 911 (8th Cir.1975). She also has failed to show that Steven obtained a copy of his deposition for reasons other than trial preparation. *See* 28 U.S.C. § 1920(4) (allowing as cost fees for copies of papers necessarily obtained for use in case); *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir.1991) (deposition copy obtained for use during trial and for trial preparation, rather than mere convenience, may be included in taxable costs). Finally, Ulla has failed to demonstrate that costs for the translated documents were unnecessarily incurred. *See* 28 U.S.C. § 1920(6) (court may tax as cost compensation of interpreters); *Chore–Time Equip. v. Cumberland Corp.*, 713 F.2d 774, 782 (Fed.Cir.1983) (award of costs for translation of German patent found relevant to defendant's contentions was appropriate under § 1920(6)).

Accordingly, we affirm.