# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-2922

———————

Katherine A. Zotos,                             *
                                                *
            Appellant,                          *
                                                *
    v.                                          *    Appeal from the United States
                                                *    District Court for the
Lindbergh School District; O. Victor            *      Eastern   District   of
Missouri.                                        
Lenz, Jr.; Joseph A. Sartorius,                 *
                                                *
            Appellees.                          *
                                                *

———————

Submitted:  April 16, 1997

Filed:   July 30, 1997

———————

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and BEAM,
     Circuit Judge.

———————

HENLEY, Senior Circuit Judge.

     Katherine A. Zotos appeals from the district court's grant of summary
judgment on her age discrimination claims under the Age Discrimination in
Employment Act (ADEA), 29 U.S.C. §§ 621-34, in favor of the Lindbergh
School District and two

school officials (collectively referred to as District).  She also appeals from the district court's order granting in part the District's bill of costs.  We affirm the district court's order granting summary judgment.  As to the order regarding costs, we affirm the award of costs as hereinafter modified.

Zotos, who was born in 1937, began working as a primary school teacher in the District in 1965.  In 1985, Zotos began teaching in the District's program for gifted and talented students.  On March 27, 1990, she was notified that she was being transferred from the program into a regular classroom.  On July 19, 1990, Zotos filed a charge of age discrimination relating to the transfer with the Equal Employment Opportunity Commission (EEOC).  By letter dated November 14, 1990, the EEOC informed  Zotos that she had to file suit within two years of the alleged discrimination, or three years in cases of a willful violation.

In March 1991, Zotos was transferred back to the gifted program, but two weeks later she was assigned to a third grade class.  By letter dated June 21, 1991, Zotos informed the district that she was exercising her right to take early retirement effective July 1, 1991.  She then filed a second age discrimination charge with the EEOC, asserting a constructive discharge.  By letter dated January 23, 1992, the EEOC issued a right-to-sue letter.  In relevant part the letter stated:

> A lawsuit under the [ADEA] ordinarily must be filed within two years of the date of the discrimination alleged in the charge.  On November 21, 1991, the ADEA was amended
> to eliminate this 2 year limit.  An ADEA lawsuit must now be filed any time from 60 days after a charge is filed until 90 days after receipt of notice that EEOC has completed action on the charge.  Because it is not clear whether this amendment applies to instances of alleged discrimination **occurring before November 21, 1991**, a lawsuit should be brought **within two years of the date of the alleged discrimination and within 90 days of receipt of notice**

**that EEOC has completed action on your charge, whichever is earlier,** in order to assure your right to sue.

Emphasis in original.

On June 26, 1992, Zotos filed a complaint in the district court, asserting her transfer and alleged constructive discharge violated the ADEA; she also asserted pendent state law claims. In an amended answer, among other things, the District asserted that Zotos' "claims are barred by the applicable statutes of limitations."  In a summary judgment motion, the District argued that Zotos' transfer claim was barred by the two-year statute of limitations of the pre-amended ADEA and that her retirement was voluntary and did not constitute a constructive discharge.  Zotos, among other things, responded that her transfer claim was timely because it fell within the three-year limitations period for willful violations.

On October 3, 1995, the district court notified the parties that in order to resolve the statute of limitations issue, it needed additional information, including copies of EEOC letters.  The court also allowed Zotos to submit an affidavit concerning the dates she had received the EEOC notices.  On October 10, 1995, Zotos filed an affidavit stating that she had received the January 23, 1992 EEOC letter advising her to file suit within 90 days of receipt of the letter.  Although Zotos could not recall the date of receipt, she noted that she had been out of town until January 28, 1992. Also on October 10, the District submitted a supplemental memorandum in support of its motion for summary judgment, pointing out that the Eighth Circuit had held that "the [90-day] limitation period from the Civil Rights Act of 1991 applies to cases filed after November 21, 1991, the effective date of the new limitations period, even if the claim accrued before that date."  Garfield v. J. C. Nichols Real Estate, 57 F.3d 662, 665 (8th Cir.), cert. denied, 116 S. Ct. 380 (1995) (citing Anderson v. Unisys Corp., 47 F.3d 302 (8th Cir.), reh. denied, 52 F.3d 764, 766, cert. denied, 116 S. Ct. 299 (1995)).

On October 11, 1995, relying on Garfield, Anderson and Littell v. Aid Ass'n for Lutherans, 62 F.3d 257, 259 (8th Cir. 1995) ("failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely"), the district court granted the District's motion for summary judgment on Zotos' ADEA claims, holding that the claims were barred by the 90-day limitations period; the court also dismissed without prejudice the pendent state law claims. Zotos filed a motion to strike the District's supplemental memorandum and a motion to alter or amend the judgment under Fed. R. Civ. P. 59 and 60, asserting that the district court improperly raised a statute of limitations defense sua sponte. The court denied the motion to strike, noting it had not relied on the supplemental memorandum, but only applied the law applicable to the case, as it was bound to do. The court also denied the motion to alter or amend, holding that it had not raised the limitations defense sua sponte. The District then filed a motion for costs, which the court granted in part.

On appeal, Zotos renews her argument that the court improperly raised a statute of limitations issue sua sponte. She notes that Fed. R. Civ. P. 8(c) requires that a statute of limitations defense must be raised in a responsive pleading or it is deemed waived. Zotos acknowledges that in its amended answer the District asserted that her claims were barred by the "applicable statutes of limitations," but argues that the district court erred in granting leave to amend the answer. We disagree. It is well settled that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "[T]he district court had the discretion . . . to grant [the District] leave to amend its answer to include this omitted Rule 8(c) defense." Sanders v. Department of the Army, 981 F.2d 990, 991 (8th Cir. 1992) (per curiam). In this case, the court did not abuse its discretion, especially given that there had been a change of the District's counsel and a reassignment of judges after the filing of a motion to dismiss and the initial answer. Cf. Wisland v. Admiral Beverage Corp., No. 96-3916, 1997 WL 394718, at *4 (8th Cir. July 16, 1997) (no abuse of discretion in allowing amended answer raising statute of limitations defense after scheduling deadline had passed).

Zotos next argues that the District failed to plead the defense with sufficient specificity. Her argument is without merit. "[W]hile a limitations defense must 'be asserted in a responsive pleading,' it 'need not be articulated with any rigorous degree of specificity,' and is 'sufficiently raised for purposes of Rule 8 by its <u>bare assertion</u>.'" <u>Dangerfield Island Protective Soc'y v. Babbitt</u>, 40 F.3d 442, 445 (D.C. Cir. 1994) (quoting <u>Kulzer v. Pittsburgh-Corning Corp.</u>, 942 F.2d 122, 125 (2d Cir. 1991), <u>cert. denied</u>, 503 U.S. 939 (1992)). Although the District's "boilerplate language does not cite the specific statute applicable here, it nevertheless satisfies the requirement of [Rule] 8(c) that affirmative defenses be pleaded." <u>Id.</u> at 444; <u>see also</u> <u>Santos v. District Council of New York</u>, 619 F.2d 963, 967 (2d Cir. 1980) (in raising limitations defense "[i]dentification of the particular statute relied upon, though helpful, is not required in the pleading"). In an analogous context, in a choice-of-laws case this court recently held that a defendant adequately raised a statute of limitations defense by asserting in an amended answer that a claim was "barred by the applicable statute of limitations," without specifying which state statute was applicable. <u>Wisland</u>, 1997 WL 394718, at *4.

Zotos also argues that the District waived application of the 90-day limitation period by relying on the two-year statute of limitations in its memorandum in support of its summary judgment motion. Again, we disagree. In <u>Garfield</u>, this court stated that "there is an implied waiver of a defense . . . only where a party's conduct is 'so consistent with and indicative of an intent to relinquish [the defense] and so clear and unequivocal that no other reasonable explanation of the conduct is possible.' " <u>Garfield</u>, 57 F.3d at 667 (quoting <u>Medicare Glaser Corp. v. Guardian Photo, Inc.</u>, 936 F.2d 1016, 1021 (8th Cir. 1991)). In this case, the District's conduct did not constitute a waiver. <u>Cf.</u> <u>id.</u> (defendant's agreement to dismissal without prejudice of time-barred ADEA claim did not waive statute of limitations defense on refiled claim). We note that the Tenth Circuit has held that a defendant "did not waive the statute of limitations defense simply by pleading the defense based on the wrong choice of law." <u>Yoder v. Honeywell, Inc.</u>, 104 F.3d 1215, 1224-25 n.3 (10th Cir.), <u>petition for cert. filed</u>, 65

U.S.L.W. 3799 (U.S. May 20, 1997) (No. 96-1848).

We also reject Zotos' argument that the district court was bound to apply the law as briefed by the parties. See id. Rather, as the district court explained, a federal court is bound to apply "the law in effect at the time it renders its decision, unless doing so would result in manifest injustice . . . ." Bradley v. School Bd. of City of Richmond, 416 U.S. 696, 711 (1974). In this case, as to her discharge claim, in view of the fact that the 1992 "letter from the EEOC informing [Zotos] of h[er] right to sue stated in specific language that [s]he should file suit within 90 days to safeguard h[er] right to sue[,]" St. Louis v. Texas Worker's Comp. Comm'n, 65 F.3d 43, 47 (5th Cir. 1995), cert. denied, 116 S. Ct. 2563 (1996), there is no manifest injustice. For the same reason, we reject her equitable tolling argument as to the discharge claim. See Anderson, 47 F.3d at 306 (equitable tolling justified where agency misleads plaintiff as to filing requirements). "The letter told [Zotos] what [s]he must do to preserve h[er] claim, but [s]he did not follow the instructions[.]" St. Louis, 65 F.3d at 47. " 'One who fails to act diligently cannot invoke equitable principles to excuse the lack of dili-gence.' " Id. at 47-48 (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984)).

Zotos argues that even if her discharge claim is untimely under this circuit's case law, the precedents are inapplicable to her transfer claim because in the previous cases the EEOC had informed the plaintiffs of the possible application of the 90-day limitations period and this court did not "address the situation where Congress replaces a statute of limitations with a shorter one that, if applied to a claim filed after the statute became effective, cuts off a plaintiff's right to sue without providing h[er] an opportunity to comply with the new period." Vernon v. Cassadaga Valley Cent. Sch. Dist., 49 F.3d 886, 889 n.1 (2d Cir. 1995). As to her transfer claim, Zotos notes that she relied on the November 14, 1990 EEOC letter informing her that she had two, or three years in the case of a willful violation, to file suit. She reasons that to comply with the 90-day limitations period, she would have had to have been clairvoyant and

file suit in February 1991, nine months before the amendment took effect.

Zotos' arguments are persuasive.  Indeed, the District appears to agree with her  that it would be unjust to apply the 90-day limitations period to the transfer claim.  District's Br. at 6 n.4.  However, we need not decide these issues or decide the question whether her transfer claim is subject to equitable tolling.  It is well settled that we may affirm the district court's judgment "on any basis supported by the record."  Sawdon v. Uniroyal Goodrich Tire Co., 100 F.3d 91, 93 (8th Cir. 1996).  The District argued below, and argues on appeal, that Zotos' transfer claim is untimely under the two/three-year limitations period. We agree.  Zotos was notified of her transfer on March 27, 1990, and she filed suit on June 26, 1992.  Because " 'an employee's claim accrues on the date she is notified of the employer's decision, not on the date the decision becomes effective[,]' '' Horne v. Firemen's Retirement Sys., 69 F.3d 233, 236 (8th Cir.1995) (quoting Harlston v. McDonnell Douglas Corp., 37 F.3d 379, 382 (8th Cir. 1994)), Zotos' transfer claim is untimely under the two-year limitations period.

In the district court Zotos argued that her transfer claim was timely filed under the three-year limitations period for willful violations, asserting that the transfer was part of a continuing violation, which culminated in her discharge.  Her argument is without  merit.  Zotos' transfer was "a discrete, adverse employment action, such as a discharge, layoff, or failure to promote, [and] 'constitute[d] a completed act at the time it occurred.' "  Gipson v. KAS Snacktime Co., 83 F.3d 225, 229 (8th Cir. 1996) (quoting Boge v. Ringland-Johnson-Crowley Co., 976 F.2d 448, 451 (8th Cir. 1992)). Under the pre-amended ADEA, "[t]he time for . . . commencing a lawsuit r[an] from the date of such a discriminatory act, even if its effects on the injured employee are long-lasting."  Id.  "Thus, if such an act is not timely challenged, the right to relief expires[.]"  Id.  Contrary to Zotos' belief, "[a] continuing violation  . . . does not excuse  an aggrieved employee from complying with the applicable statutes of limitations."  Scott v. St. Paul Postal Serv., 720 F.2d 524, 525 (8th Cir. 1983) (per curiam), cert. denied, 465 U.S. 1083 (1984).  "Rather, it simply allows an employee to include in his

initial complaint . . . allegedly discriminatory acts that occurred before the limitations period, provided that at least one of the acts complained of falls within the limitations period." Id. In other words:

> A discriminatory act which is not made the basis for a timely charge is the legal equivalent of a discriminatory act which occurred before the statute was passed. It may constitute relevant background evidence in a proceeding in which the status of a current practice is at issue, but separately considered, it is merely an unfortunate event in history which has no present legal consequence.

Gipson, 83 F.3d at 229 (quoting United Airlines, Inc. v. Evans, 431 U.S. 553, 558 (1977)).

We also remind Zotos that "although [a] willful act violate[s] the ADEA, that is not the same as a willful violation of the statute." Jarvis v. Sauer Sundstrand Co., No. 96-2936, 1997 WL 327179, at *3 (8th Cir. June 17, 1997). Willfulness means " 'that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.' " Id. at *2 (quoting Hazen Paper Co. v. Biggins, 507 U.S. 604, 617 (1993)).

We now turn to Zotos' challenge regarding the district court's order awarding certain costs to the District. Although the District requested $17,119.04 in costs, the court granted $5,145.64 for costs in connection with deposition transcripts ($4690.34), copying medical records ($415.30), and an expert witness fee in connection with a medical examination ($40.00).[1] Zotos does not contest that "[t]he district court has

---

[1] In Pickham v. Camex, Inc., 84 F.3d 292, 295 (8th Cir. 1996) (per curiam), this court held that "expert witness fees in excess of the 28 U.S.C. §1821(b) $40 limit are not recoverable" as costs.

substantial discretion in awarding costs to a prevailing party under 28 U.S.C. §1920 . . . and Fed. R. Civ. P. 54(d)[,]" <u>Richmond v. Southwire Co.</u>, 980 F.2d 518, 520 (8th Cir. 1992), and "[w]e review the district court's decision to award costs for an abuse of discretion." <u>Bathke v. Casey's Gen. Stores, Inc.</u>, 64 F.3d 340, 347 (8th Cir. 1995). In fact, Fed. R. Civ. P. 54(d) " 'codifies the presumption that . . . costs will be awarded to prevailing parties.' " <u>Id.</u> (quoting <u>Police Retirement Sys. v. Midwest Inv. Advisory Serv.</u>, 940 F.2d 351, 358-59 (8th Cir. 1991)). In addition, this court has held that even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was "necessarily obtained for use in [a] case" and was not "purely investigative." <u>Slagenweit v. Slagenweit</u>, 63 F.3d 719, 720 (8th Cir. 1995) (per curiam).

In particular, Zotos challenges the award of costs as to her 1994 deposition and the depositions of Margaret Mills and Vicki Newman. The court found that Zotos' deposition was ''necessarily obtained" for use in the case, stating that it had reviewed the "deposition in detail in connection with" its ruling on the summary judgment motion. <u>See</u> <u>Bathke</u>, 64 F.3d at 347 (costs allowed for deposition where district court relied on it in summary judgment ruling); <u>Hudson v. Nabisco Brands, Inc.</u>, 758 F.2d 1237, 1244 (7th Cir. 1985) (plaintiff's deposition "necessarily obtained" for case because nothing in complaint relevant to statute of limitations issue), <u>overruled on other grounds</u>, <u>Provident Bank v. Manor Steel Corp.</u>, 882 F.2d 258, 261 (7th Cir. 1989). Although Zotos contends that her deposition was "designed more to harass . . . than to produce useful information," the district court rejected this argument, finding that the deposition was "not harassing or unduly prolonged." Because "[t]he district court is in the best position to make these determinations[,]" we will not disturb its finding. <u>Bathke</u>, 64 F.3d at 347.

Zotos goes on to argue that because the district court did not rely on the depositions of Newman and Mills in ruling on the summary judgment motion and that the depositions were only relevant to her state law claims, the court erred in awarding

costs because, as a matter of law, the depositions were not "necessarily obtained" for the case. We disagree. " '[T]he determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use.' '' Barber v. Ruth, 7 F.3d 636, 645 (7th Cir. 1993) (quoting Hudson, 758 F.2d at 1243). In other words, the "underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1184 (Fed. Cir. 1996) (citing 10 Charles A. Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 2676, at 351 (2d ed. 1983)). Cf. Slagenweit, 63 F.3d at 720-21 (in international child custody case, even though judgment was vacated on appeal as moot due to death of child, district court need not vacate its award of costs to prevailing party).[2]

The district court found that at the time the Newman and Mills depositions were taken, they were reasonably necessary. The court noted that Zotos had listed Newman and Mills as trial witnesses and that the District had to prepare for trial prior to the court's order granting summary judgment. See Manildra, 76 F.3d at 1184 (deposition transcripts were necessarily obtained for case because at times they were taken "deponents were potential trial witnesses"). We note that the District's bill of costs showed that the costs in connection with the two depositions were incurred in 1994, before our 1995 decisions in Anderson and Garfield indicated that Zotos' ADEA claims

---

[2]In her brief Zotos cites Harris v. Twentieth Century Fox-Film Corp., 139 F.2d 571 (2d Cir. 1939), for the proposition "that the costs of depositions that do not affect the granting of a motion for summary judgment cannot be taxed." Zotos' Br. at 42. We believe Zotos misreads the opinion. In any event, we note that a ruling "that permits costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment is narrower than section 1920" and that the better "practice is to determine which depositions were reasonably necessary in the light of facts known to counsel at the time they were taken." Merrick v. Northern Natural Gas Co., 911 F.2d 426, 434 (10th Cir. 1990).

were time-barred.  In Hudson, 758 F.2d at 1244, the court suggested that a defendant might not be entitled to costs unrelated to a statute of limitations defense incurred after a Supreme Court opinion made clear that a plaintiff's claims were time-barred.[3]  We thus find no abuse of discretion in the award of costs in connection with the Newman and Mills depositions.

We also find no abuse of discretion in the district court's award of costs incurred in 1994 for copying Zotos' medical records.  However, we do find an abuse of discretion in the court's award of  $40.00 in costs in connection with a court-ordered July 24, 1995 medical examination of Zotos, which the District had requested on July 11, 1995, several months after our decisions in Anderson and Garfield.  In the facts of this case,  we do not believe the costs incurred in connection with the examination were "necessarily obtained" for use in the case.

Accordingly, we affirm the district court's order granting summary judgment in favor of the District.  The award of costs is hereby reduced by $40.00 and as so modified is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]In Hudson, the district court awarded costs in connection with a plaintiff's deposition taken before a Supreme Court decision made clear that his claims were time-barred, and the Seventh Circuit found no abuse of discretion in the award of costs.  758 F.2d at 1244.  The court indicated that even if the deposition had been taken after the decision, an award of costs would have been appropriate because the complaint was silent on issues relevant to the statute of limitations and discovery was necessary.  Id.