# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3821
_____

Cynthia E. Brisco-Wade,               *
                                      *
          Plaintiff - Appellee,       *
                                      *   Appeal from the United States
          v.                          *   District Court for the Eastern
                                      *   District of Missouri.
Mel D. Carnahan; Dora Schriro;        *
                                      *   [PUBLISHED]
          Defendants - Appellants,    *
                                      *
Gene Overall;                         *
                                      *
          Defendant,                  *
                                      *
Pat Roll; Theresa Adams;              *
                                      *
          Defendants - Appellants,    *
                                      *
Jane Doe, #3; W. D. Blackwell;        *
                                      *
          Defendants,                 *
                                      *
Leslie Dahl, Lieutenant; Janet Barton; *
Al Luebbers,                          *
                                      *
          Defendants - Appellants.    *

_____

Submitted: July 18, 2002
Filed: July 25, 2002

_____

Before McMILLIAN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

Missouri state and prison officials, defendants below, appeal from the district court's judgment ordering them to pay mediation costs. We reverse and remand.

Briefly, defendants moved for summary judgment on the grounds of qualified immunity after they were named in a 42 U.S.C. § 1983 action by a former prisoner. The district court stayed the motion and ordered the parties to attend mediation proceedings that were to be held on January 22, 2001. Eleven days before the scheduled mediation session, defendants asked the court to rule on their summary judgment motion. Two days after the scheduled session, the court denied defendants' motion to rule and ordered that a new mediation schedule be established. Defendants appealed, and we stayed the order requiring mediation and remanded with directions to rule on the qualified-immunity issue. On remand, the district court granted defendants summary judgment, and nearly five months later, the court ordered defendants to pay the mediator's fee (for time he had spent reviewing the file).

Under 28 U.S.C. § 1920, a judge or court clerk "may tax as costs" fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for copies of necessary papers, docket fees, and compensation of court-appointed experts and interpreters. Section 1920 imposes "rigid controls on cost-shifting in federal courts," and "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in" section 1920. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987). Under Federal Rule of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."

We find that the district court abused its discretion in taxing the mediator's fee against defendants. See Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997) (standard of review). In the first place, the Eastern District of Missouri Local Rules do not permit prisoner civil rights cases to be referred for mediation. See E.D. Mo. Local R. 6.01(A). Second, section 1920 does not list mediation fees as taxable costs, and we have found no statutory authority (nor did the district court cite to any) permitting the taxation of mediation fees in section 1983 litigation. See Mota v. Univ. of Tex. Houston Health Sci. Ctr., 261 F.3d 512, 529-30 (5th Cir. 2001) (in Title VII case, district court abused its discretion in taxing losing party with costs of mediation because neither § 1920 nor Title VII listed such expenses as taxable). Assuming the district court was following a local rule in taxing the mediator's fee against defendants, we conclude that the court lacked authority to do so given section 1920's exhaustive list of what costs may be assessed. Cf. Tiedel v. Northwestern Mich. Coll., 865 F.2d 88, 92-94 (6th Cir. 1988) (district court is not empowered to enact local rule giving itself authority to award attorney's fees to prevailing party as part of pretrial mediation scheme; absent express Congressional action to contrary, § 1920 is uniform standard Congress intends federal courts to follow in assessing costs). Third, while Rule 54(d) gives the district court discretion not to award costs to the prevailing party, see Crawford, 482 U.S. at 441-42 (Rule 54(d) grants district courts discretion to decline to tax costs), it gives the court no explicit authority to tax costs against the prevailing party, cf. Greaser v. Missouri, 145 F.3d 979, 985 (8th Cir.) (Rule 54 codified presumption that prevailing party is entitled to costs), cert. denied, 525 U.S. 1056 (1998).

Accordingly, we reverse and remand to the district court with directions that the court consider ordering the mediator's fee to be paid out of the court's attorney admission fee fund. See E.D. Mo. Local R. 12.03.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.