# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2419

_____

Edward Allen Moore,                            *
                                               *
        Plaintiff-Appellant,                *
                                               *
  v.                                          *
                                               *
Jim Moore; Larry Rowley; Douglas               *
Prudden; Mary Riorden; Michael                 *
Dempsey; Jack Sims; Dale Riley;                *
George A. Lombardi; Steve Long;                *
Dora Schriro; Gary B. Kempker;                 *  Appeal from the United States
Chantay Godert; Jim Burgess; Troy              *  District Court for the
Steele; Regina Brehm; K. Bergner;              *  Eastern District of Missouri.
Unknown Bailey; Unknown Roed;                  *
Unknown Riley; Unknown Ledbetter;              *          [UNPUBLISHED]
Pamela Elliott; Robert W. Hopper;              *
Carlos Sampson; Maggie George;                 *
Unknown Green; Gary Nichols;                   *
Don Ziese; Unknown Kitner,                     *
                                               *
        Defendants-Appellees.               *

_____

Submitted: August 5, 2004
Filed: August 27, 2004

_____

Before MELLOY, LAY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Edward Moore appeals the district court's[1] adverse grant of summary judgment in his 42 U.S.C. § 1983 action against several officials of the Missouri Department of Corrections ("DOC").[2]  We affirm.

On March 28, 2000, Moore began his incarceration in the Northeast Correctional Center ("NECC"), located in Bowling Green, Missouri.  Moore has advanced osteoarthritis in his back.  Like all NECC inmates, Moore was required to work six hours per day.  NECC allows an inmate to be exempted from work if he has received a medical "lay-in" from the prison medical unit or declares a "medical emergency" due to an acute medical problem, serious illness, injury, or trauma.  If an inmate declares a medical emergency, he is sent to the prison medical unit for treatment.

For the first year of his incarceration at NECC, Moore had no work restrictions.  However, on March 28, 2001, Moore's duty status was reclassified, and he was restricted to no more than twenty-five pounds of lifting and two hours of standing.  On June 14, 2001, Moore's duty status was further reclassified to limited duty with no prolonged standing and no lifting of over five pounds.

Moore's § 1983 claim was filed on June 18, 2001, and concerns his work assignment on the "captain's crew," a work detail that cleans and maintains the prison yard by mowing the grass, picking up trash, and, in the winter, shoveling snow and clearing ice from the walkways.  Moore contends the work assignment constituted

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

[2]Moore filed suit against twenty-eight individuals.  The district court immediately dismissed four individuals under 28 U.S.C. § 1915(e)(2)(B), and later dismissed another for lack of timely service.

cruel and unusual punishment under the Eighth Amendment because of his physical disabilities and because he was forced to work in extreme weather conditions without appropriate protective clothing and forced to handle bio-hazardous waste without appropriate protective gear.

We review *de novo* the district court's grant of summary judgment on Moore's Eighth Amendment claim. See Murphy v. Mo. Dep't of Corr., 372 F.3d 979, 982 (8th Cir. 2004). The Eighth Amendment requires prison officials to provide humane conditions of confinement. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official may be liable for denying an inmate humane conditions of confinement only if he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837.

Moore first claims he was forced to work on the captain's crew despite his physical disabilities. There is no dispute that forcing an inmate to work beyond his physical abilities could pose a serious risk to an inmate's health or safety. See Madewell v. Roberts, 909 F.2d 1203, 1207 (8th Cir. 1990). There is also no dispute that Moore suffers from back problems. However, at all times relevant to the Complaint, Moore was not under any medical restrictions that prevented him from working on the captain's crew. Although work restrictions were imposed on March 28, 2001, Moore was not given a medical lay-in, and the record shows he worked within the restrictions while on the captain's crew. Cf. Williams v. Norris, 148 F.3d 983, 987 (8th Cir. 1998) (finding sufficient evidence that prison officials violated the Eighth Amendment by forcing an inmate to work in excess of his medical restrictions). Furthermore, in the absence of a medical lay-in or any other medical confirmation to support Moore's assertions that he was too injured to work, there is no evidence to show that NECC officials were aware that working on the captain's crew posed a risk to Moore's health or safety.

Moore next claims he was forced to work outside without appropriate clothing regardless of the weather conditions. We do not dispute that forcing inmates to endure extreme weather conditions without proper protection violates the Eighth Amendment. See Chandler v. Moore, 2 F.3d 847, 848 (8th Cir. 1993). Nonetheless, the Defendants' undisputed summary judgment evidence shows (1) that NECC inmates are provided standard issue clothing, including pants, shirts, socks, shoes, a duck coat, and a stocking cap; (2) that inmates working on the captain's crew may request gloves and insulated coveralls for use during their shifts; and (3) that heavy work gloves are also available for inmates to purchase in the prison canteen. Moore has not come forward with any evidence to refute that the clothing provided to him was appropriate to protect him from the weather. The fact that Moore chose not to obtain and use the extra clothing available to inmates working on the captain's crew does not mean he was subjected to cruel and unusual punishment. Moore also alleges he was forced to work outside "with lightning crashing all around him." However, he provides no evidence to refute the Defendants' evidence that inmates are not required to work in inclement weather and merely relies on the allegations in his Complaint. This is not sufficient to survive a motion for summary judgment. See Fed. R. Civ. P. 56(e).

Finally, Moore claims he was forced to handle bio-hazardous waste by virtue of having to pick up cigarette butts and other refuse from the prison yard. However, the record shows, and Moore does not dispute, that he had access to protective gloves while working on the captain's crew and was not required to handle any items containing bodily fluids because specially trained individuals could have been called to clean up such items. Thus, we agree with the district court's conclusion that picking up trash did not expose Moore to a serious risk of harm.

Moore raises three other issues on appeal. First, Moore challenges the district court's dismissal of four DOC officials[3] under 28 U.S.C. § 1915(e)(2)(B). After *de novo* review of the record, we conclude Moore's allegations against these officials did not state a claim. See Powells v. Minnehaha County Sheriff Dep't, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam) (standard of review). Viewing the factual allegations in the Complaint in the light most favorable to Moore, see Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002), we conclude Moore can prove no set of facts to support his claim that the officials committed a constitutional violation by telling him he must either return to work or face segregation.

Second, Moore argues the district court erred in denying his motion to strike the Defendants' summary judgment evidence because the Defendants failed to disclose the evidence in response to his discovery requests. Upon review of the record, we find no abuse of discretion in district court's denial of Moore's motion to strike or in the district court's management of the protracted, adversarial discovery process in this case. See Life Plus Int'l v. Brown, 317 F.3d 799, 803, 806 (8th Cir. 2003) (standard of review).

Finally, Moore argues the district court erred in awarding costs to the Defendants for obtaining transcripts from Moore's deposition and the hearing on Moore's motion for a preliminary injunction. Having reviewed the award of costs for an abuse of discretion, see Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997), we find none. Although the district court ultimately found that Moore's deposition was inadmissible, we agree with the district court's finding that the deposition appeared reasonably necessary at the time it was taken. See id. at 363-64 (costs for taking a deposition may be awarded if the deposition was reasonably necessary when it was taken). Also, the fact that the Defendants did not make use of

---

[3]The officials were identified in the Complaint as K. Bergner, Unknown Ledbetter, Unknown Green, and Unknown Kitner.

the preliminary hearing transcript in their summary judgment papers does not preclude an award of costs for the transcript.  See id.

Based on the foregoing, we affirm the judgment of the district court.  We also deny Moore's pending motion for sanctions.

_____