Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEERE & COMPANY,**
*Plaintiff-Appellant*

v.

**DUROC LLC, FKA BUSH HOG, LLC, ALAMO GROUP, INC., BUSH HOG, INC., GREAT PLAINS MANUFACTURING INCORPORATED,**
*Defendants-Appellees*

---

2014-1697

---

Appeal from the United States District Court for the Southern District of Iowa in No. 3:09-cv-00095-CRW-TJS, Senior Judge Charles R. Wolle.

---

Decided: May 26, 2016

---

STEPHEN PIERCE ANTHONY, Covington & Burling LLP, Washington, DC, argued for plaintiff-appellant. Also represented by RODERICK R. MCKELVIE, JAY I. ALEXANDER, ROBERT JASON FOWLER.

CRAIG C. MARTIN, Jenner & Block LLP, Chicago, IL, argued for defendant-appellee Duroc LLC. Also repre-

sented by DAVID JIMENEZ-EKMAN, SARA TONNIES HORTON, MICHAEL ANTHONY SCODRO, STEVEN R. TRYBUS.

SCOTT W. HEJNY, McKool Smith, P.C., Dallas, TX, argued for defendants-appellees Alamo Group, Inc., Bush Hog, Inc. Also represented by PHILLIP AURENTZ; JOEL LANCE THOLLANDER, Austin, TX.

SCOTT R. BROWN, Hovey Williams LLP, Overland Park, KS, argued for defendant-appellee Great Plains Manufacturing Incorporated. Also represented by MATTHEW B. WALTERS.

---

Before NEWMAN, PLAGER, and REYNA, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

The district court's judgment on the merits has been affirmed, *Deere & Company v. Duroc LLC*, Fed. Cir. No. 14-1697 ("*Deere I*") (decided concurrently). Deere also appeals aspects of the district court's taxation of costs under 28 U.S.C. § 1920. On review, we conclude that the district court's rulings are within the scope of the court's discretion, and affirm.

## BACKGROUND

Deere sued the Defendants (including predecessor and successor companies) for infringement of U.S. Patent No. 6,052,980. After claim construction, the district court granted summary judgment of non-infringement, and ordered the Clerk of Court to enter judgment for both Defendants, with costs to be assessed against Deere. The Defendants submitted their bills of costs, and the Clerk's assessment was reviewed and affirmed by the district court. The court stated that it had "carefully studied the parties' submissions and held a telephonic hearing solely to address these costs issues . . . ." *Deere & Co. v. Bush*

*Hog, LLC,* 3:09-cv-00095 (S.D. Iowa Jan. 27, 2012), ECF No. 185,[1] at 2-3 (Order).

Meanwhile, Deere appealed the summary judgment of non-infringement, and the Defendants conditionally cross-appealed on the issue of the district court's dismissal of their invalidity counterclaim in the event the non-infringement ruling was overturned. We modified the district court's claim construction, vacated the summary judgment of non-infringement, and remanded for trial. *Deere & Co. v. Bush Hog, LLC*, 703 F.3d 1349 (Fed. Cir. 2012). In light of this decision, the parties agreed to vacate the existing costs Order.

After a thirteen-day trial, the jury found that the Deere patent was not infringed, and the district court entered judgment in favor of the Defendants and denied post-trial motions. These judgments are affirmed in *Deere I*. The Defendants submitted their bills of taxable costs, and Deere objected to various requested costs as excessive, beyond the authority of the district court to tax, or lacking the required documentation. After receiving memoranda from both sides, the Clerk resolved the disputed costs issues.

The district court reviewed the assessments and upheld most of the costs, denying all but one of Deere's objections. The court approved the taxation as "supported by 28 U.S.C. § 1920, legal authorities cited in the Defendants' briefs, and in view of the length and complexity of the fourteen-day long patent trial." Order at 1–2, *Deere* ECF No. 586. This appeal followed.

---

[1] Further references to orders and other papers from the district court proceedings will be referenced as [Document Title], *Deere*, ECF No. [#].

DISCUSSION

During oral argument of this appeal, the Defendants conceded some of the objections raised by Deere. *See* Joint Letter, No. 14-1697, ECF No. 65 (Oct. 22, 2015). The adjusted costs assessed against Deere are $291,166.38 for Duroc, $118,985.47 for Alamo, and $94,176.64 for Great Plains. Deere raises three categories of objections.

In reviewing taxable costs under 28 U.S.C. § 1920, we apply the procedural law of the regional circuit, here the Eighth Circuit. *See Ortho-McNeil Pharm., Inc. v. Mylan Labs. Inc.*, 569 F.3d 1353, 1356 (Fed. Cir. 2009) (procedural matters not unique to the Federal Circuit are governed by regional circuit law).

28 U.S.C. § 1920 defines the costs that a district court may tax. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). District courts have discretion over the assessment and calculation of costs under § 1920. *See Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (reviewing costs for abuse of discretion). "An abuse of discretion occurs where the district court rests its conclusion on clearly erroneous factual findings or erroneous legal conclusions." *Lankford v. Sherman*, 451 F.3d 496, 503–04 (8th Cir. 2006).

Deere challenges the assessment of costs in three areas: (1) costs related to document copying, (2) costs related to e-discovery, and (3) costs related to trial exemplifications. We address each in turn.

## 1. Document Copying

Section 1920(4) grants discretion to the district court to determine what copying costs were "necessarily obtained for use in the case." Deere states that the district court included costs for copies of documents that were not introduced at trial or not related to discovery. Deere also

argues that the requested copying costs lacked adequate documentation.

The Clerk, and the district judge on review, disallowed copying costs that they found to be "primarily for the convenience of counsel," but allowed the major copying costs. *See* Taxation of Costs as to Duroc LLC at 1, *Deere*, ECF No. 580; Taxation of Costs as to Alamo Group, Inc. and Bush Hog, Inc. at 1, *Deere*, ECF No. 581. The district court found that "the Clerk again painstakingly reviewed defendants' separate bills of costs, as well as legal authorities all parties cited" in its "taxation of defendants' well-documented costs for copying and printing." Order at 1–2, *Deere*, ECF No. 586.

The record demonstrates consideration of the copying costs and a reasoned analysis of whether copies were made for "reasons other than trial preparation." *See Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995). We discern no abuse of discretion in the taxation of costs of copying documents found to be "necessarily obtained for use in the case," whether or not the documents were introduced into evidence.

## 2. e-Discovery

The parties had entered into an electronically stored information production agreement ("ESI Agreement") that provided that each document would be produced as a Tagged Image File Format ("TIFF") image and include various specified metadata. Deere states that the e-discovery costs taxed by the district court are (1) not taxable as a matter of law, or (2) were erroneously calculated in that the costs presented by the Defendants include storage and hosting expenses for ESI storage which, Deere asserts, are not taxable under § 1920.

The Defendants' concessions on appeal removed much of the storage and hosting costs. Although not every objection that Deere raises was conceded, *compare* Deere

Br. 34 *with* Letter Documenting Concessions (October 22, 2015), ECF No. 65, it appears that the issue of ESI storage and hosting fees was generally resolved. Therefore we address only the issue of whether e-discovery costs are taxable as a matter of law.

The parties agree that there is no controlling Eighth Circuit precedent on this issue. Deere Br. 26; Duroc Br. 26; Great Plains Br. 25; Alamo Br. 20–21. Further complicating the issue, various aspects of the e-discovery process were governed by a negotiated ESI Agreement that required various e-discovery actions to be undertaken. The ESI Agreement required that all documents be produced electronically in a database format, product-numbered, searchable, with OCR and metadata extracted and identified, and produced on suitable storage media. This Agreement set the base requirements for all documents produced during e-discovery.

The district court held that when the costs of complying with the agreement are within the obligations of the Agreement and reasonably incurred in complying with the Agreement, they are recoverable.

Generally, the costs incurred in actually copying and producing in the required formats are considered a taxable "cost of creating the produced duplicate," while the costs incurred in preparing documents for copying and production in the agreed formats are deemed "ancillary." *See CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1329–1330 (Fed. Cir. 2013) (illustrating differences between costs related to copying and conversion and costs outside that limited scope). The district court held that the e-discovery costs incurred in procedures required by the ESI Agreement are within the scope of § 1920. Relying on the Agreement, the district court did not separate the activities required by the e-discovery Agreement. We conclude that the district acted within its discretion.

### 3. Trial exemplifications

Deere argues that the district court improperly taxed the Defendants' "trial technology support" and the costs of trial exhibit creation and presentation.

Here, the district court held that "[t]he Clerk properly taxed costs incurred by defendants for trial technology specialists and demonstrative exhibits, necessary for thorough presentation of the issues decided by the jury." Order at 2, *Deere*, ECF No. 586. It is appropriate for the exemplifications prepared for and presented at trial to be considered to fall within the statutory constraints of § 1920. Given that the taxed costs relate to and derive from trial exhibit creation and presentation, and especially given that the district court found the exhibits to be "necessary for thorough presentation of the issues decided by the jury," we conclude that the Eighth Circuit would reasonably find the district court's taxation to be within its discretion and within the statute's constraints.

### CONCLUSION

The district court's taxation of the challenged costs was within the district court's discretion and in conformity with the statute. The judgment is affirmed.

On this appeal, each party shall bear its costs.

### AFFIRMED