# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-1299

———————————————

Charles L. Burgett

*Plaintiff - Appellant*

v.

The General Store No Two Inc., et al.

*Defendants - Appellees*

————————

Appeal from United States District Court
for the Western District of Missouri - Kansas City

————————

Submitted: October 8, 2020
Filed: October 22, 2020
[Unpublished]

————————

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

————————

PER CURIAM.

Charles Burgett brought this pro se 42 U.S.C. § 1983 action against multiple defendants. The district court[1] dismissed all claims with prejudice as a sanction for

---

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

Burgett's willful discovery violations, explaining in a lengthy Order that Burgett's willful, bad faith defiance of "at least four Court orders" had prejudiced defendants. This court affirmed. Burgett v. Gen. Store No Two Inc., 727 Fed. Appx. 898, 900 (8th Cir. 2018), cert. denied, 139 S. Ct. 2638 (2019). Burgett now appeals the court's order taxing costs in favor of defendants in the total amount of $6,9875.23. After careful review of the entire record, we conclude the court did not abuse its substantial discretion in taxing costs and therefore affirm. See Fed. R. Civ. P. 54(d)(1); Dindinger v. Allsteel, Inc., 853 F.3d 414, 431 (8th Cir. 2017) (standard of review).

Defendants were prevailing parties presumptively entitled to recover costs properly taxable under 28 U.S.C. § 1920. A district court has discretion to tax the costs of printed and electronic transcripts of the same deposition, provided both were "necessarily obtained" for use in the case. See Stanley v. Cottrell, Inc., 784 F.3d 454, 465-67 (8th Cir. 2015); Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). Discovery-related copying is taxable, particularly in a case where the losing party's discovery abuses were determinative. See Op. Eng'rs Local #49 Health & Welfare Fund v. Charps Welding & Fab., Inc., 950 F.3d 510, 527 (8th Cir. 2020). Defendants submitted evidence that all costs taxed were not duplicative and were in fact paid. The court did not abuse its discretion in declining to deny or reduce taxable costs on account of Burgett's alleged indigency, particularly given his willful abuse of the discovery process that prejudicially increased defendants' litigation costs. See Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006).

The district court's text only order entered January 13, 2020 is affirmed. Appellant's motion to strike the brief of appellee The General Store No Two Inc. is denied.

_____